RUSSELL GIBBS

*v.*

ELIAS BLACKWELL *et al.*

1. BILL FOR SPECIFIC PERFORMANCE — *parties.* In a case of a bill for a specific performance of a contract, as a general rule subject to some exceptions, the parties to the agreement are alone necessary parties.

2. PARTIES — *trust fund.* On a bill filed to enforce the specific performance of a contract, for the conveyance of real estate, it is no defence, to set up that the money paid was a trust fund; or that the purchase was made by one as trustee of another. If a trust exists the vendee, or in case of his death, his heirs will be liable to account to the *cestui que trust,* and he is not a necessary party to a bill, to compel a conveyance.

3. VENDOR AND VENDEE. When a vendee has paid the purchase money, entered into possession under the contract, and made lasting and valuable improvements, he has a right to compel a conveyance; nor will the vendor be exonerated therefrom, by showing that as between his vendee and some other person there are unadjusted equities.

4. VENDEE — *deed.* When a vendee who has contracted for the purchase of land, and sold it to another, the latter will be entitled to receive from the first vendor the same kind of deed, which he contracted to give his vendee, if the latter purchaser elects to resort to him for a conveyance.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was a suit in chancery, in the Henry Circuit Court, brought by Ellis Blackwell, Maria Blackwell, Eliza Ann Gibbs, Sarah E. Gibbs, Webster C. Gibbs, Lauretta C. Gibbs, and Ellen L. Gibbs, against Russell Gibbs and Frederick P. Brown. The bill alleges, that Asahel Gibbs died, on the

17th day of July, 1859, intestate, leaving complainant, Eliza Ann Gibbs, widow, and the other complainants his sole heirs at law.

That in the lifetime of Asahel, defendant Russell Gibbs, on the 23d day of August, 1855, purchased of defendant Brown, the S. W. $\frac{1}{4}$, T. 17, N. R. 2, E. of the fourth meridian, and took a bond for a deed therefor. That on the 20th of September, 1857, Asahel Gibbs agreed with Russell Gibbs, that he would pay Brown $169, of the purchase money, and Russell agreed that Brown should convey to Asahel when he should make the payment, forty acres, in the Northeast corner of the quarter section, ninety rods long and seventy rods wide. That Asahel made the payment to Brown, and Russell gave him a written order to Brown for the conveyance.

That Asahel presented the order to Brown, who made the deed, but held it as an *escrow.* That Asahel took possession, and erected a house and broke and fenced it, and made other lasting and valuable improvements on the land. That Russell Gibbs on the 13th of January, 1859, told Brown that Asahel preferred the land in a square form, and induced Brown to convey the whole quarter to him, under a promise that he would make a deed to Asahel, for his portion of the land. That Russell refused to make the conveyance.

That Russell pretends, that Asahel was indebted to him as executor of their father's estate. They pray Russell be compelled to convey the forty acres to them, or that the deed from Brown to Russell as to the forty acre tract be declared void and Brown be compelled to convey to them.

Brown answered the bill, and admits that he sold the quarter of land to Russell Gibbs and gave a bond for a conveyance. That he is informed, that Russell and Asahel made the agreement charged in the bill. That Asahel paid him the $169, and presented an order on him from Russell Gibbs, for a conveyance of the forty acres, which he made, but did not deliver, because Asahel did not call for it; that Asahel took possession of the land and made the improvements as alleged in the bill. That about a year afterwards, Russell

stated to respondent that Asahel wanted the land in a square form, and desired him to convey to him, and promised that he would convey to Asahel; that acting in good faith he did convey to Russell.

Russell Gibbs answered admitting his purchase of Brown; his sale to Asahel as charged in the bill; but insists that the land was to be conveyed to Asahel in trust. That he held property of John Gibbs, an idiot, as his trustee, and that the land was paid for out of that fund. Admits that he gave the written order to Brown, to convey to Asahel, and that he told Brown that Asahel wanted the land in a square form. Denies fraud in procuring the deed, but admits that it was in accordance with an agreement between himself and Asahel. Admits that Asahel made the improvement on the land as charged. Admits that Asahel and his widow had taken care of John Gibbs, the idiot; but insists that the rents and profits of John's property were more than sufficient to pay therefor. And that complainants are the heirs at law of Asahel Gibbs. He offers to convey the forty acres to any suitable person who may be appointed trustee for John Gibbs.

Replications were filed to the answers. And a cross bill was filed by Russell Gibbs praying the appointment of a trustee for John Gibbs, Jr., which was also answered.

On the hearing in the court below, a decree was rendered, cancelling the conveyance, for the forty acre tract described in the bill, from Brown and requiring him to convey the same to complainants by a good and sufficient deed, and dismissing the cross bill of Russell Gibbs; and that he pay the costs.

Defendants bring the case to this court and assign the following errors:

1. The court erred in rendering the decree aforesaid in manner and form aforesaid.

2. The court erred in rendering the decree aforesaid without having the proper parties before the court.

13

Messrs. GLOVER, COOK & CAMPBELL, for plaintiffs in error:

1.   All persons in interest must be joined either as complainants or defendants.   Story's Eq. Pl., sec. 72; *Martin* v. *Dryden*, 1 Gilm., 209; 2 Johns. Chy R., 239; Hill on Trustees, 519; *Greenup* v. *Porter*, 3 Scam., 65; *Scott* v. *Moore*, 3 Scam., 65; *Willis* v. *Henkerson*, 4 Scam., 315; *Montgomery* v. *Brown*, 2 Gilm., 581; *Webster* v. *French*, 5 Gilm., 254; *Whitney* v. *Mayo*, 15 Ill., 255; *Skiles* v. *Switzer*, 11 Ill., 533; *McDowell* v. *Cochran*, 11 Ill., 34; *Bank of U. S.* v. *White*, 8 Peters, 262; *Hoare* v. *Harris*, 11 Ill., 25.

And courts will take notice of the omission of proper parties though no demurrer be interposed, where it is manifest that the decree will affect the interest of such as are not joined.   *Herrington* v. *Hubbard*, 1 Scam., 573.

That John Gibbs, the idiot, was a necessary party there can be no doubt.   The whole estate, after the death of Euphenia, was, under the will of John Gibbs, Sr., held for his sole use and benefit, and to be applied solely to his maintenance and support.   He then was virtually interested in the result of the suit.   He was incapable of supporting himself, as all the proof shows, and this property was all he had to depend upon.   It seems to us a stronger case cannot be found.

The heirs at law of John Gibbs, Sr., are all interested as entitled to the remainder of the estate, as the will provides that it shall go to them after the death of the idiot.

2.   The decree is erroneous, because it is against the evidence.

It orders Brown to convey by a warrantee deed, and there is no evidence whatever that he was bound to do so by his bond.   He had conveyed the whole quarter to Russell Gibbs in good faith, as both parties to this controversy agree. Russell had taken a quit-claim for the whole tract, and it is the reasonable and legal presumption that this was all that Brown was legally bound to give by his contract.

Mr. GEORGE W. SHAW, for defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the court:

This was a bill in equity exhibited for the purpose of compelling a specific performance of a contract, and to enforce a conveyance of the land in controversy. The bill alleges that the purchase was made, the consideration was paid, possession taken, and valuable improvements put upon the land, by the purchaser. That a deed was executed by Brown at the request of defendant Gibbs, of whom the ancestor of complainants had purchased, which was never delivered, but Russell Gibbs induced Brown to convey to him, he at the time promising to convey to Asahel Gibbs, according to their agreement. The facts are admitted by the answers of defendants; but Russell Gibbs sets up, to defeat a conveyance to complainants, that the money which was paid for the land, was a trust fund of John Gibbs, Jr., an idiot, which had come to the hands of Asahel, under the will of their father, for the support and maintenance of John. Defendant Gibbs submits to convey the property to any suitable person the court may appoint, to hold the same in trust, according to the original design of its creation.

The question as to the relief sought by the cross bill was not urged on the argument, and we therefore treat it as abandoned. It is, however, insisted that the court erred in refusing to treat the property as a trust fund, and in not dismissing the bill for want of proper parties. According to the view which we take of the case, it is unnecessary to inquire whether the land was trust property, or the money with which it was purchased was a trust fund. If it was such, then John Gibbs had the beneficial interest in the property; and the general rule that all persons having an interest in the subject matter of the suit must be made parties, is urged for a reversal. To this rule there are some well recognized exceptions, and it is insisted by the other side that this case falls within one of them.

In Story's Equity Pleadings, sec. 226, b, whilst considering who ought not, or need not be made parties to a bill, the author says: " So in case of a common bill for a specific performance of a contract of sale of real estate, the only proper parties, in general, are the parties to the contract itself. Special cases, indeed may exist, in which the rule may be otherwise; but they stand on their own peculiar ground." He is treating of parties to bills without reference to whether they must be plaintiffs or defendants. According to this authority, it is wholly immaterial whether John Gibbs, Jr. was made a party or not, and this rule is fully sustained by reason and authority. Nor do we discover in the facts of this case any peculiar circumstances which should take it out of the operation of the rule. The vendor is a party on one side, and the heirs of the vendee are parties on the other, and so far as we can see, full and complete justice can be done without having other parties before the court. If defendant Gibbs had claims against the idiot which were a charge on the trust fund, or if equities existed between them proper to be adjusted in this proceeding, then John Gibbs, Jr., should have been made a party; but the case discloses no such circumstances.

If the heirs of Asahel Gibbs are liable to account to John Gibbs for the trust fund, he or his conservator can, when they choose, compel them to do so, and then if he has rights, they, if established will be fully protected. From the evidence there can be no doubt, that Asahel in his lifetime, was entitled to a conveyance of the property to himself. And we do not perceive that it matters in the slightest degree, to Russell Gibbs, whether it was to be held as a trust fund or in his own right. Asahel held the equitable title and had the undoubted right to have united with it, the legal title. Nor could Russell Gibbs exonerate himself from the liability to convey, by showing, that as between his vendee and some other person, there were unadjusted equities in reference to the property.

It is also insisted that the decree, requiring defendant Brown to convey with covenants for title, .was erroneous. The decree in terms does not require such a conveyance, but requires him to convey by a "good and sufficient conveyance." It appears that when it was proposed that Brown should convey to Asahel Gibbs, he prepared a warranty deed. And when it is remembered that this deed was prepared according to the agreement of all the parties, we may safely conclude that Asahel was to have a deed containing a covenant of warranty, and this the decree has required, and no other. And if such was the understanding, Russell Gibbs could not defeat it by receiving a quit claim deed for the premises from Brown. He had agreed to convey to Russell Gibbs by warranty deed, and no reason is perceived why he should not, under the agreement to convey to Asahel, execute to him the same kind of a conveyance. It in no way increases his liability, but is in accordance with his contract. There is no evidence that there was any agreement that Asahel should receive from Brown a quit claim deed. We perceive no error in this portion of the decree.

Upon a careful examination of the entire record we perceive no error requiring the reversal of the decree, and it must be affirmed.

*Decree affirmed.*