THE HAWAIIAN GOVERNMENT *vs.* THE HAWAIIAN
TRAMWAYS COMPANY, LIMITED, a Foreign Corpora-
tion; and THEODORE GRAHAM GRIBBLE.

APPEAL IN EQUITY FROM DOLE, J.

JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A bill in equity may be dismissed for multifariousness where its
form embarrasses the Court in the administration of justice.

The bill alleged want of title in the defendant and contained a prayer
for relief based thereupon. It also alleged non-performance on
part of defendant, admitting its title, and contained a prayer for
relief based upon non-performance.

Held, demurrable for multifariousness.

OPINION OF THE COURT, BY PRESTON, J.

This is an appeal from a decree of Mr. Justice Dole allowing a
demurrer for multifariousness and dismissing the plaintiff's bill.

The substance of the bill and demurrer is sufficiently set
forth in the opinion of Mr. Justice Dole.

We agree with the result arrived at in the case, but desire to
point out more specifically where we consider the frame of the
bill objectionable.

" To lay down any rule applicable universally, or to say what
constitutes multifariousness, as an abstract proposition, is upon
the authorities utterly impossible. The cases upon the sub-
ject are extremely various; and the Court, in deciding them,
seems to have considered what was convenient in particular
circumstances, rather than to have attempted to lay down any
absolute rule." (*Campbell vs. Macleay*, 1 Milne & Craig, 617,
per Lord Chancellor Cottenham.)

" But although this bill is multifarious, no advantage has
been taken of it by the pleadings, nor was the objection stated
at the hearing. The objection must be taken by demurrer or
plea, or be set up in the answer, and if it is not, the defendant

cannot claim any benefit from such defect. But though the party may waive the objection, the Court, *proprio jure*, may dismiss the bill, and will do it, where the form of the bill embarrasses the Court in the administration of justice." *Swayze vs. Swayze et al.*, 9 N. J. Eq., 279, per Williamson, Chancellor.

Adopting these principles as correct, we proceed to consider some of the allegations and prayers in the bill. It is alleged that the defendant, the Hawaiian Tramways Company, is a foreign corporation, and that the defendant Gribble is the agent or manager of the company, and especially so acts in and about the construction and operation of the street railways of said company in Honolulu, and that said company claims to be possessed of the franchises concerning the construction of street railways conferred upon W. R. Austin, his associates, successors and assigns, by Chapter XXXIV. of the Laws of 1884, Chapter XVIII. of the Laws of 1886 and Chapter XXIII. of the Laws of 1888, and that the plaintiff believes the company to be so entitled.

Paragraph four of the bill is important and is as follows:

"That said company further claims to be possessed of the rights, privileges and franchises conferred upon W. R. Austin, his associates and successors and their assigns, by Chapter LVI. of the Laws of 1888, but your orator has no information sufficient to allow it to state whether said company or said defendant Gribble, or either of them, is in fact so possessed thereof."

Paragraph seven alleges that the defendant company has entered and constructed its railway in and upon the streets mentioned in Chapter LVI. of the Laws of 1888.

Paragraph ten alleges that in the construction of such railway in and upon the streets named in paragraphs seven, eight and nine, the defendants have habitually disregarded, disobeyed and ignored the conditions and requirements of their franchise, and paragraphs eleven, twelve and thirteen specify the breaches complained of and especially allege that the defendants have disobeyed the directions and instructions of the Minister of the Interior in respect of the streets mentioned in said Chapter LVI.

Paragraph fifteen alleges that the company has not performed the requirements of said Chapter LVI.

By said Chapter LVI. the owner of the franchise is under greater restrictions and obligations than the owner of the franchise under the previous Acts.    And it would appear from paragraph ten that the company, although its right is not conceded, has been permitted to enter upon the streets mentioned in Chapter LVI. without objection and to make the railway, the complaint being that the company has not obeyed the instructions and directions of the Minister of the Interior.

The first prayer for relief is contained in paragraph seventeen whereby the Court is asked to decide and declare whether the company or the defendant Gribble, or either of them was, at the respective dates of their entry upon the streets mentioned in paragraph seven, possessed of the franchises and privileges conferred by said Chapter LVI., and whether said defendants or either of them are now possessed thereof, and paragraph eighteen further prays that if neither the company nor the defendant Gribble was or is possessed as aforesaid, that they be enjoined to remove such railway and restore the streets to their former condition, and to refrain from doing any act of construction of a railway thereon until thereunto permitted by the Court or other competent authority.

The latter part of this prayer is inconsistent with the former part, for if the defendants have not the right to the franchise, the Court cannot permit them to exercise it, and as the relief asked for is only contingent, as against each defendant, this case is within *Seddon vs. Connell*, 10 Sim., 87, and the bill is therefore demurrable.

Paragraphs nineteen and twenty ask that if the Court shall find the defendants or either of them to have been or to be possessed of the privileges conferred by said Chapter LVI., the defendants be commanded to construct the same according to the terms of said Act, on pain of having the franchise declared void.

Other alternative relief is also prayed for.

It is not alleged that the defendant Gribble claims to be the owner or to be possessed of the privileges conferred by Chapter LVI., and therefore no order can be made against him in respect of breaches of the conditions of that Chapter. Neither is any discovery of the defendant's title or right sought.

For the foregoing reasons, as well as for those stated in the opinion of Mr. Justice Dole, we think that the bill is framed so as to embarrass the Court and the defendants, and is therefore demurrable.

We affirm the decision and dismiss the appeal. The plaintiff may amend within twenty days if so advised.

*C. W. Ashford* (Attorney-General), for plaintiff.

*F. M. Hatch* and *P. Neumann*, for defendants.

---

### DECISION OF DOLE, J., APPEALED FROM.

The defendants have demurred to the bill of complaint for multifariousness, in that it contains allegations in the nature of a petition for a writ of *quo warranto*, and also allegations upon which it prays for an injunction and a writ of mandamus respectively.

This ojection belongs to that class of cases where the several demands of the bill are so inconsistent with each other that the Court will not permit them to be litigated together, on account mainly of the inconvenience of so doing. The authorities prefer to term such a defect in pleading a misjoinder rather than a multifariousness. *Campbell vs. Mackay*, 1 Milne & Craig, 603. The bill in this case alleges that the Hawaiian Tramways Company, a corporation, is possessed of the franchise for constructing and operating street railways in Honolulu, conferred by Chapter XXXIV. of the Laws of 1884, Chapter XVIII. of the Laws of 1886, and Chapter XXIII. of the Laws of 1888, and claims to be possessed of the further franchise relating to street railways in Honolulu, conferred by Chapter LVI. of the Laws of 1888, but that the plaintiff does not know whether either of the defendants are possessed thereof.

The bill further recites the duties of the corporation in relation to the construction of such street railways as to grade, obstructing the streets during the process of construction, materials of grading between and along the rails, kind of rails, etc., and alleges several further obligations of the corporation, "if in fact and law it be possessed of the privileges and franchises conferred by said Chapter LVI. of the Laws of 1888."

The bill then recites the construction of railroads upon the additional streets mentioned in the franchise of the said statute of 1888, by the corporation, as well as upon the streets mentioned in the earlier laws above referred to ; and charges that in the construction of the work on all of the said streets the defendants have disregarded the requirements of their franchise, to the inconvenience of public traffic and to the injury of public interests, and specially charges that the additional obligations required by the franchise of 1888 have been neglected.

The prayers of the bill are substantially as follows :

1. That it may be decided whether either of the defendants was possessed of the franchise conferred by the statute of 1888, at the time the work of construction was begun upon the streets mentioned in such statute.

2. That if neither of the defendants were then or are now possessed thereof, they may be compelled by a mandatory injunction to remove such railways from the said streets, and restore the same to their former condition, and to desist from further interference therewith.

3. That if the Court find either of the defendants to be possessed of the said franchise, it shall command them to carry out its requirements with regard to the said streets and all other streets whereon they have constructed or are constructing or intend to construct such street railways, under peril of deprivation of such additional franchise ; shall enjoin defendants against constructing and maintaining such railways upon any but the existing or legal grade of streets and bridges, or placing or operating such railways so as to interfere with street drainage ; shall decree the railway on Beretania street to be a public

nuisance and compel the defendants to remove the same, and restore the said street to its original condition, and desist from all further railway construction thereon except flush with its existing or legal grade; shall order defendants to replace certain road material deposited by them on certain streets, with other road material as shall be approved by the Minister of Interior, and shall afford general relief according to circumstances. A temporary injunction is also prayed for, which was issued and afterwards modified, enjoining all construction not according to the requirements of the franchise conferred by the statute of 1884, and it is asked that the same be made perpetual.

It will be admitted, I think, that the main object of the bill is to compel the defendants to perform the work of construction of street railways under their franchise according to its requirements, and so to protect public interests from injury through an improper performance. With a view to this relief, the plaintiff asks for the settlement of a preliminary question of fact, *i.e.*, whether the defendants are possessed of the additional franchise conferred by Chapter LVI. of the Laws of 1888; and if this question should be decided in the negative, the plaintiff prays that the defendants be compelled, by what it terms a mandatory injunction, to remove their railways from the streets mentioned in such additional franchise and desist from further interference therewith, etc.; but if the Court should decide that the defendants are possessed of the said additional franchise, it is asked for other injunctions and decrees as above set forth, based upon the alleged failure of the defendants to carry out their railway construction according to the requirements of their franchises.

We find here an allegation of want of title and a prayer of relief based upon it, and allegations of non-performance or incomplete performance, admitting title, and prayers of relief based thereon.

This statement of facts in the alternative does not apply to the whole subject matter, but only to a part, *i.e.*, the franchise conferred by Chapter LVI. of the Laws of 1888, in which, with some modifications, the original franchise was extended to

several additional streets and parts of streets not included in the original franchise; moreover, there is what appears to be a prayer for an injunction (Section 27) to be issued, whichever way the said question of fact may be decided.

The whole case as presented by the bill is somewhat complicated—the more so, because the submission of a proposition of fact in the alternative relates only to a distinct part of the subject matter, and the alternative relief prayed under such alternative allegation introduces an element of confusion into the consideration of the case. A difficulty of this kind appeals rather to one's sense of expediency than of principle. Story's Equity Pleadings, Section 280. Courts will not refuse to deal with cases raising diverse questions, even at the cost of considerable inconvenience, if they can satisfactorily adjudicate them, but where they cannot do so they will decline to interfere. *Hoggart vs. Cutts*, 1 Craig & Phill., 204.

In the case before me the joinder of prayers for orders in the nature of writs of mandamus and of injunction is not a serious objection to the bill, for they are consistent with each other and with the main object of the proceedings.

In regard, however, to the prayer for a discovery of fact and for alternative relief thereon, according to the finding of fact by the Court, one of which alternatives is a decree or a writ removing the defendants from certain streets, not for insufficient performance of a franchise, but for want of title in a franchise, I feel that there is a relief asked which is inconsistent with the general facts alleged and with the main object of the proceedings; it is, moreover, a question which may be litigated in a separate proceeding, and should not be permitted to confuse the solution of the main questions in issue.

The demurrer is therefore allowed upon the first ground.