## VITTORIANO OHERA *vs.* J. D. ACKERMAN.

IN EQUITY. APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

HEARING, DECEMBER 17, 1894. DECISION, FEBRUARY 12, 1895.

JUDD, C.J., BICKERTON, J., AND CIRCUIT JUDGE WHITING, WHO SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

(1) The assignor of a lessee having assigned to the assignee all his interest in the leasehold estate need not be a party to a bill for specific performance of a covenant in the said lease for renewal thereof.

(2) A covenant was in the lease for a renewal to the lessee or his assigns " upon his or their request on or before the termination of the term in and by said lease limited ; "—the assignee of the lessee on a refusal to renew being made to him, filed his bill for specific performance (on the 20th September, 1894) before the original term of the lease had expired (October 25, 1894). Held, the lessee was entitled to his renewal whenever he made his request, and being refused could bring his bill before the lease expired.

(3) Where a bill is demurred to and not decided, nor the time for hearing on the merits set, the expenses of witnesses summoned by defendant to attend cannot be taxed against plaintiff.

(4) Equity has jurisdiction to specifically enforce a covenant for renewal of a lease.

(5) In suits between proper parties relating to the same subject matter several species of relief may be prayed for though each might be the subject of a separate suit.

OPINION OF THE COURT, BY JUDD, C.J.

As appears from the bill the original owners of the land in question situate at Honuaino, North Kona, Hawaii, were Ann Cavanagh and Thos. E. Cavanagh, who on the 22d November, 1884, executed a lease of the same to John Costa, for a term of ten years from the 25th October, 1884. The lease contained a covenant to renew the same upon the request of the lessee or his assigns on or before the termination of the term in and by said lease limited. On the 9th

May, 1894, John Costa sold and assigned all his right and interest in the lease to the plaintiff, V. Ohera. Meanwhile the Cavanaghs had sold the land in question to the defendant, Ackerman.

On the 2d July, 1894, and often thereafter, Ackerman was requested on behalf of plaintiff to execute a renewal of the lease, which was refused by defendant who denied plaintiff's right to such renewal. On the 17th August, 1894, the defendant forcibly dispossessed the plaintiff from the premises and has since excluded him therefrom. The plaintiff prays that the defendant be decreed to execute a renewal of said lease to plaintiff for ten years from the time of the expiration of the lease ; that he be reinstated in the possession of the premises and that damages be awarded him for his wrongful expulsion from the premises and for further relief.

The defendant claims as ground for demurrer that equity has no jurisdiction. We answer that equity has jurisdiction to enforce specific performance of a covenant for renewal of a lease, for in such case the damages for withholding such renewal cannot be accurately determined.

The bill is not demurrable for non-joinder of Costa,—the original lessee, plaintiff's assignor. He had no remaining interest in the lease as shown in the bill. A complete decree can be made upon this bill between the parties.

   *Willard vs. Taylor*, 8 Wall., 557.

   *Gibbs vs. Blackwell*, 37 Ill., 191.

   *Allen vs. Woodruff*, 96 Ill., 11.

The bill is claimed to be demurrable because it is brought prematurely, before the lease expired and it is urged that *non constat* that the lessor would not have executed the renewal before the term expired. The question then is at what time could the lessee demand the renewal? The covenant made by the lessor must be construed more strongly against himself as its maker, and we are of opinion that the clause in the lease gives the option to demand the renewal at any time before the expiration of the term. The bill alleges repeated requests for renewal from the 9th May to

the 17th August—and at that date the plaintiff was forcibly ejected from the premises.

Certainly after this action of the lessor, the justification for which does not appear, the lessee was not bound to make a new demand.

In cases where the covenant is to renew the lease at its expiration, it has been held that the lessee is not bound to wait until the actual termination of the lease before he makes his election to have the lease renewed.

*Tracy vs. Albany Exchange Co.,* 7 N. Y., 472.

*Darling vs. Hoban,* 53 Mich., 599.

1 Taylor, Landlord & Tenant, Sec. 332.

As to the point made in argument that the relief prayed for is demurrable,—that the plaintiff may have damages for the forcible dispossession from the premises. We do not find that it was made a ground of demurrer. The first relief asked for is that the covenant to renew be specifically enforced. This is a sufficient ground for equitable relief and if the bill sets up another claim which upon its face contains no equity, the bill is not multifarious. Beach, Modern Eq. Practice, Sec. 125 and cases cited. Every case must be governed by its own circumstances and the question of multifariousness is left to the discretion of the court. The bill to be multifarious must contain several matters distinct from each other. In suits between proper parties relating to the same subject matter several species of relief may be prayed for although each might be the subject of a separate suit. *Id.* Sec. 115.

The remaining question is the costs. The defendant had demurred. The case had not been set for trial and defendant was not authorized to bring his witnesses to the merits of the case from another district at large expense, until the demurrer had been disposed of adversely to himself.

The return day is not by Rule 13 of the Circuit Court the day of hearing,—the Court appoints the day at its convenience.

We think the demurrer should be overruled and it is so ordered.

*C. W. Ashford,* for plaintiff.

*W. C. Achi,* for defendant.

