*J. W. Cathcart* for plaintiff.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for defendant.

---

ALBERT B. CARTER, AND THOMAS J. CARTER, HENRY C. CARTER, WILLIAM L. CARTER, EUNICE K. CARTER, BEATRIX K. CARTER, ALBERT B. CARTER, HARRIET K. CARTER, RICHARD N. K. CARTER, BY EDWARD HENRIQUES, THEIR NEXT FRIEND, *v.* JOHN C. LANE, JUNIUS KAAE AND JESSIE K. KAAE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 1, 1906.   .   DECIDED OCTOBER 9, 1906.
FREAR, C.J., HARTWELL AND WILDER, JJ.

PLEADING—*bill in equity—multifariousness.*

A bill is multifarious which joins two defendants who are trustees under a will with another defendant who is trustee under the will but in respect of a distinct and separate trust for the performance of which the other defendants are not accountable.

OPINION OF THE COURT BY HARTWELL, J.

This is a bill for an accounting by trustees, the plaintiffs charging breaches of trust and praying for removal of the trustees, appointment of new trustees, appointment of a receiver and for an injunction restraining the defendants from fur-

ther interference with the trust or collecting any of its income or expending any of the trust money until further order of court.

The bill is brought by Albert B. Carter, the surviving husband and devisee under the will of Margaret V. Carter, deceased, and by the other plaintiffs, minor children of the testatrix and beneficiaries under her will, leave having been granted to their guardian to bring the suit in their behalf. The bill sets forth that the decedent died January 14, 1903, leaving real property on the Island of Oahu, being about 45 acres of rice land under lease to Wing Chong Wai Co., 105 acres of kula and mountain land mauka of the rice land and certain other lands known as the homestead at Makao containing about 26 acres; that the said testatrix devised to Jessie K. Kaae the house and lot at Makao in trust to be used as a homestead for the said Albert B. Carter and such of her children as should desire to reside there and devised the rest of her real property to the defendants John C. Lane and Junius Kaae in trust to collect and apply the rents, profits and income thereof, after deducting necessary expenses, to the use and benefit of her said husband and children; that the said John C. Lane and Junius Kaae have not complied with any of the provisions of said trust and have suffered and permitted the trust estate to become wasted and destroyed and large amounts of money derived from the rents, issues and income of the rice, kula and mountain lands, other than the homestead, to be collected by said Jessie K. Kaae and by her converted to her own use knowing that she was insolvent, without means or credit, and that they had not recovered or attempted to recover from her the money so collected by her and have not collected the rents, profits and income of any of the said trust estate or applied the same to said beneficiaries or to the expenses of said trust but have suffered the same to be wasted and squandered; that said Jessie K. Kaae has not kept the house and lot at Makao to be used as a homestead for the said Albert B. Carter and such of the children of the said deceased as desired to reside there but has suffered the same to become wasted

and destroyed and, after the death of the said decedent, took possession of and exercised full control over all of said trust estates and particularly of the rice, kula and mountain lands and continues so to do and has collected and appropriated to her own use the income thereof which is averred on information and belief to amount to at least $1500 a year since the decedent's death.

The defendants demur to the bill upon numerous grounds, upon two of which, namely, multifariousness and misjoinder of defendants, the demurrers were sustained, from which decision the plaintiffs appeal.

The argument in support of these grounds in the demurrer is that the trusts are distinct from each other, relating to different properties, and that the alleged breaches of trust by the defendants are disconnected from each other, each being the subject of a separate suit; that distinct grounds of relief are included in the bill and that there is no connection in interest between the defendants as against the plaintiffs. A bill which seeks different kinds of relief is not therefore multifarious. "In suits between proper parties relating to the same subject matter several species of relief may be prayed for although each might be the subject of a separate suit." *Ohere v. Ackerman,* 9 Haw. 599. And "To lay down any rule applicable universally, or to say what constitutes multifariousness, as an abstract proposition, is, upon the authorities, utterly impossible." *Hawn. Govt. v. Tramways Co.,* 7 Haw. 683, citing *Campbell v. Macleay,* 1 Milne & Craig, 617. Moreover, the defendant Jessie K. Kaae may be required to account for the income which she collected from the trust estate devised to the other defendants and to that extent is properly a codefendant; but the other defendants are not accountable for her performance of her trust relating to the homestead and, therefore, in respect of that trust, are improperly joined as codefendants. To that extent the bill is multifarious.

The case is remanded with leave to allow the plaintiffs to amend accordingly within ten days; if the bill shall not be so

amended the decree appealed from to be affirmed without prejudice to the plaintiffs' right to bring separate bills.

*Kinney, McClanahan & Derby* and *W. S. Edings* for plaintiffs.

*C. W. Ashford, A. G. M. Robertson* and *E. M. Watson* for defendants.