EMMA FORSYTH RUMSEY *v.* NEW YORK LIFE INSURANCE COMPANY, A CORPORATION, AND BENSON, SMITH & COMPANY, LIMITED, A CORPORATION.

Nos. 893 and 896.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED FEBRUARY 7, 1916.          DECIDED FEBRUARY 16, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*pleading—misjoinder of parties—multifariousness.*
    A bill in equity is not demurrable for misjoinder of parties respondent or multifariousness where the complainant claims but one general right, and there is a single subject-matter in which both respondents are interested, though the interests are distinct and different species of relief is asked against each of them.

APPEAL AND ERROR—*reserved question—question returned unanswered.*
    Where the question reserved is whether a demurrer to a bill in equity should be sustained, and the facts are not fully and clearly set out in the bill, the matters are complicated, and the bill is amendable and probably would be amended in case the demurrer were sustained, this court is not required to answer the question, but may, in the exercise of its discretion, return it to the judge who reserved it.

OPINION OF THE COURT BY ROBERTSON, C.J.

The bill in this case sets forth, in substance, that the complainant is the widow of one Samuel L. Rumsey, formerly a resident of this Territory, whom she married on August 31, 1905, and who died in California on the 27th day of July, 1910; that the respondent, the New York Life Insurance Company, is a New York corporation having the right to do a life insurance business in this Territory; that the respondent, Benson, Smith & Company, Limited, is a Hawaiian corporation engaged in the business of buying, selling, dealing in and manufacturing drugs, medicines and other commodities; that on the 11th day of June, 1903, the insurance company issued a policy upon the life of said Rumsey, wherein it was stipulated that "New York Life Insurance Company agrees to pay five thousand dollars to the firm of Benson, Smith & Co., Ltd., or its legal representatives, or to such beneficiary as may have been duly designated, at the home office of the company, in the City of New York, immediately upon receipt and approval of proofs of the death of Samuel L. Rumsey, the insured, of Honolulu, in the Island of Oahu, Hawaii. * * * The insured, having reserved the right, may change the beneficiary, or beneficiaries, at any time during the continuance of this policy, by written notice to the company at the home office, provided this policy is not then assigned. The insured may at any time, by written notice to the company at the home office, declare any beneficiary then named to be an absolute beneficiary under this policy. No designation, or change of beneficiary or declaration of an absolute beneficiary shall take effect until endorsed on this policy by the company at the home office. During the lifetime of an absolute beneficiary, the right to revoke or change the interest of that beneficiary will not exist in the insured. If any beneficiary or absolute beneficiary dies before the insured the interest of such beneficiary will become payable

to the executors, administrators or assigns of the insured;" that at the time of the issuance of said policy the said Rumsey was the treasurer of said Benson, Smith & Company, Limited, and, by reason of that connection, the policy passed into and remained in the physical possession of the corporation; that in January, 1904, Rumsey, in impaired health, left the Territory of Hawaii, and in February, 1905, he was displaced from office in the corporation, and never thereafter resumed such office or returned to this Territory; that on the 10th day of July, 1907, said Rumsey notified the insurance company, upon a blank form furnished him for the purpose, that he changed the beneficiary of said policy from Benson, Smith & Company to Emma Forsyth Rumsey; that said written notice was immediately delivered to the company at its home office; that in August, 1907, and at divers times thereafter, both the complainant and her husband notified Benson, Smith & Company not to pay any further premiums upon said policy, that the beneficiary under the policy had been changed and the complainant designated as such beneficiary pursuant to the right of the insured, that no right except the right to be repaid the premiums paid by it would be recognized in Benson, Smith & Company, the amount of which said Rumsey duly offered to pay, and demand was thereupon made by Rumsey upon Benson, Smith & Company that it deliver said policy to him; that said respondent failed and refused to deliver said policy; that said change of designation of beneficiary was never endorsed upon said policy solely because of the refusal of Benson, Smith & Company to deliver up said policy; that the failure to have such endorsement made was not through any fault of said complainant or her husband; and that on the 15th day of August, 1910, the complainant presented to the insurance company at its home office proofs of death of said Rumsey upon blank forms furnished by the company for the purpose and in accordance with the terms

of the policy, but said company refused and still refuses to pay the complainant the sum due upon the policy. There are other averments in the bill which, counsel for the complainant contends, show that Benson, Smith & Company had no insurable interest in the life of said Rumsey, or, if such interest did exist at the time of the issuance of the policy, it terminated when Rumsey ceased to be an officer of the corporation; that the insurance company is estopped to deny the complainant's claim; and that Benson, Smith & Company has no legal or equitable claim in the premises beyond the right to be repaid the amount of the premiums paid by it. Counsel for the respondents contend that the averments contained in the bill, and proper inferences to be drawn therefrom, show that the policy was taken out pursuant to a valid agreement entered into between Rumsey and Benson, Smith & Company under the terms of which that corporation obtained a vested interest as the sole beneficiary under the policy and an absolute right to the proceeds thereof upon the death of the insured. The prayer of the bill is to the effect that the policy in question be reformed by declaring the complainant to be the beneficiary thereunder; that said Benson, Smith & Company, Limited, be declared to be the trustee for the complainant of said policy, and that it deliver up the same upon being repaid the amount of the premiums paid by it; that the New York Life Insurance Company be decreed to pay to the complainant the sum of five thousand dollars, with interest from July 27, 1910; and for general relief. The respondents demurred separately to the bill generally and specially, and the circuit judge, sitting in equity, reserved for this court the question whether the demurrers should be sustained. In view of the uncertainty in the averments of the bill as to the circumstances under which the issuance of the policy was obtained, leading to a dispute between respective counsel as to what the facts, as disclosed by the bill were, we

think we ought not, in this proceeding, to pass upon the general demurrers setting up a lack of equity in the bill. Should the demurrers be sustained on that ground alone the bill might be amended so as to remove the existing uncertainty, and this court, upon a reserved question, should not be required to deal with a demurrer to an amendable bill as though it were the court of original jurisdiction. Nor shall we pass upon the question of laches since, if the demurrer should be sustained on that ground, the complainant might be able to show, by amendment, a valid reason or excuse for the delay. We shall therefore consider only whether there has been a misjoinder of parties respondent, and whether the bill is multifarious.

On behalf of the respondents it is contended that the bill shows that the causes of complaint against the respective respondents are entirely separate and distinct, that it does not appear that the insurance company was in any way a party to the retention of possession of the policy by Benson, Smith & Company, that the facts that would support an action against the latter to recover possession of the policy are in no manner connected with such facts as would support a suit against the former for reformation of the policy and recovery of the insurance money, and that, therefore, there has been a misjoinder of parties, and that the bill is multifarious because of the improper inclusion of distinct and independent matters. From the standpoint of the complainant she is entitled to recover the insurance money, but in order to get into a position to do so she must secure the substitution of herself as beneficiary by endorsement on the policy, and in order to obtain such endorsement she must get possession of the policy. We think the respondents were properly joined upon the principle that in equity all persons interested in the subject matter of the suit and its result should be made parties. Each of them is interested in the subject matter, i. e., the insurance money, the one to

pay it to the party rightfully entitled to it, and the other to receive it as against the complainant. For the same reason we think the bill is not multifarious. The application of the rule as to multifariousness is influenced very largely by the circumstances of cases as they present themselves. *Gov't.* v. *Tramways Co.,* 7 Haw. 683. In the case at bar there is an obvious connection between the alleged rights of the complainant against each of these respondents, and their presence in the one suit is necessary to the determination of the whole controversy and in order that the complainant may obtain, if she be entitled thereto, the full relief sought. The presence of both claimants of the insurance money in the one suit would seem to be advantageous to the insurance company in that the court would thereby be enabled to determine to which of them rather than the other the money should be paid, and the joinder of the insurance company would not, so far as appears, embarrass Benson, Smith & Company in making its defense, or inconvenience the court in hearing and deciding the case. Counsel for the complainant points out that the complainant brought an action upon this policy in Colorado and that judgment of nonsuit was there entered against her. *Rumsey* v. *N. Y. Life Ins. Co.,* 147 Pac. 337. The court there said, "It is urged that the insured in good faith attempted to secure the policy in order to have the change of beneficiary indorsed as provided therein, but was wrongfully denied possession by Benson, Smith & Co., and thereby prevented from so doing by circumstances over which he had no control, for which reason equity should step in and treat the substitution as complete. To sustain this contention, we would have to hold that the policy had been wrongfully withheld from the insured by Benson, Smith & Co., and for that reason the substitution should be treated as complete. This includes a finding that in equity Benson, Smith & Co. had ceased to be the beneficiary, and this without their

being made a party to the action. It stands admitted by the pleadings that the policy is in their possession, and that they were and are designated in it as the beneficiary. Under such circumstances, we do not think that their equities in the matter, and their right as a beneficiary, can be determined under the equitable rule of substitution in an action to which they are not a party." Those observations support our view that there was no misjoinder of parties in this case. If there was no such misjoinder the bill can hardly be said to be multifarious for the relief asked was appropriate to the circumstances. "It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some material matters in the suit, and they are connected with the others." *Brown* v. *Guarantee Trust Co.*, 128 U. S. 403, 412. "A bill is not multifarious where one general right only is claimed by the bill though the defendants may have separate and distinct interests therein." *Castle Estate* v. *Haneberg*, 20 Haw. 123, 130. A bill between proper parties involving a single subject matter is not multifarious because it prays for different species of relief which might be the subject of separate suits. *Ohera* v. *Ackerman*, 9 Haw. 597; *Carter* v. *Lane*, 18 Haw. 10, 12.

We are not disposed to further consider the matter at this time. There seems to be a growing tendency, by means of interlocutory appeals and bills of exceptions, and reserved questions, to try causes by piecemeal. Such methods of review are authorized by statute and they may be pursued at times with advantage to litigants and courts, but they are discretionary methods and the trial judges should exercise their discretion with respect to them conservatively and with discrimination. The statute (R. L. 1915, Sec. 2512) provides that "The supreme court may, in its discretion, return any reserved question for decision in the first instance by the circuit court or judge." When, as in

this case, the reserved question is whether a demurrer to a bill in equity should be sustained and the points involved are complicated and the facts are not as fully and clearly set forth as they might be made to appear, and the bill would probably be amended should the demurrer be sustained, we hold that this court ought not to be expected to answer the question, but should return it for decision by the judge who reserved the question.

We, therefore, return the question reserved in this case unanswered except to the extent above set forth.

*Lorrin Andrews* for complainant.

*F. W. Milverton* (*Thompson, Milverton & Cathcart* on the brief) for N. Y. Life Ins. Co.

*P. R. Bartlett* (*Holmes & Olson* with him on the brief) for Benson, Smith & Co., Ltd.