## MAY TERM, 1847.

## G. P. JUDD vs. W. LADD, P. A. BRINSMADE, and W. HOOPER.

In leasehold estates for a term of years, delivery of possession was *never* necessary.
  In the present age, delivery of possession is not necessary in any conveyance, how-
  ever absolute.

The court after reviewing the evidence, charged the jury in sub-
stance as follows:

The plaintiff, gentlemen of the jury, upon proof of the lease and
assignment, has made out a *prima facie* case, and the *onus* is upon
the defendants to show either that they are not bound to pay the rent,
or that it has been paid, or is not yet due.

To do this, the defendants have taken several points, and urged
them with considerable force. Let us now examine them, and see
whether they be good or no. First, they contend that the main con-
sideration of this assignment is for services rendered while plaintiff
was a member of the mission; and consequently, that the mission,
and not the plaintiff, is entitled to these rents. Could the mission,
gentlemen, come into court under this assignment and claim these
rents of defendants? Most clearly not. Who can then? No one
but the plaintiff. Whether the mission have any claim to these rents
or not, it is unnecessary for me to decide; but if they have, they
cannot collect them by a suit under this assignment; but must collect
them from plaintiff, after he has received them. But it appears that

this assignment was made more than a year after the plaintiff had left the mission; consequently, this acquired property came as a gratuity, (unexpectedly, perhaps,) not while plaintiff was a member of the mission, and not in violation of the rule forbidding members of the mission to acquire individual property.

But allowing that that part of the consideration relating to "15 years past services," entirely fails the plaintiff, still the "one dollar in hand paid," is a sufficient consideration to support his claim under the assignment, and so would it be, were it one cent or one barleycorn. This position, then, I think untenable, and insufficient to defeat the plaintiff's claim.

The second point of the defence is, that the assignment was made at a time when this kingdom was in the possession of Great Britain, and in direct contravention of a law forbidding all persons to buy, sell, lease, or transfer lands. A leasehold estate for a term of years is nothing but a mere chattel—mere personal property, and certainly no one can seriously contend for a moment that the assignment of rents or profits flowing from such a lease, is a violation of a law against buying, selling, leasing, or transferring, lands. Such a position is unsound. It has no basis in the law, and can avail the defendants nothing in defeating the plaintiff's action.

Thirdly, it is contended that no one has ever delivered the possession of this land to the defendants; therefore, they have had no use of the property, and cannot be made to pay for that which they never had.

In leasehold estates for a term of years, delivery of possession was *never* necessary. In the present age, delivery of possession is not necessary in any conveyance, however absolute. In ages long past, in the earliest periods of the common law, when a feoffment was the only mode of conveyance, it was always accompanied by livery of seisin, or in other words, delivery of possession. Then the lord of the soil entered upon his land, and in presence of the assembled peers, freeholders of the neighborhood, took hold of the door-latch, picked up a clod of earth, or plucked a tuft of grass, or twig, and delivered it to the feoffer, in the name of the seisin of all the lands he intended to convey. This public livery of seisin operated as a good conveyance without deed or writing, whatever; and as Chancellor Kent justly remarks, "was well adapted to the simplicity of those unlettered ages." But this custom is entirely out of practice, and has long since become obsolete both in England and America. The present mode of conveyance is by deed, which becomes effectual when duly recorded without actual delivery of possession.

Lastly, the defendants contend that allowing the plaintiff is entitled to rent, which they deny, he can claim only $500; for $500, or one year's rent has been paid by the purchaser of a year's use of these premises at a sheriff's sale in December, 1844.

It will be found by examining the lease, that no rent was due on this wharf lot, until the 21st of February, 1846, and consequently, the $1000 paid in 1844, for the rent of the wharf lots, could not have been for rent under this lease; for no rent on this wharf lot had then accrued. Such an application of one half of the $1000, would be an extinguishment of something not in existence.

The whole case, gentlemen, is narrowed down to this single point.

Is the rent due and unpaid ? If it is, and the plaintiff has never hindered, opposed, or deprived the defendants from taking possession, then your verdict should be for the plaintiff in the sum of $1000, with interest on $500, from the 21st of February, 1846, to the present time, and on the remaining $500, from the 21st of February, 1847, to this day. But if, on the other hand, you should find that it was impossible for the defendants to gain possession, or that they were opposed in so doing by either M. Kekuanaoa or the plaintiff, then your verdict should be for the defendants.

After an absence of a few minutes, the jury came into court and gave a verdict for the plaintiff in the sum of $1084.

Mr. Judd for plaintiff.

Mr. Brinsmade for defendants.