## William H. Scripps *et al.*

### *v.*

## Lucy K. King *et al.*

*Filed at Mt. Vernon June 21, 1882.*

1. · Creditor's bill—*to set aside fraudulent conveyance.* A creditor having no lien must reduce his claim to a judgment before he can maintain a bill in equity to subject property fraudulently conveyed to its payment. If the claim is against an insolvent estate, he must first have it allowed against the estate before he can avoid a fraudulent conveyance,—in other words, he must exhaust his legal remedies.

2. Where there has been a fraudulent conveyance to hinder and delay creditors, and a claim against the grantor has been reduced to a judgment, so as to become an equitable lien on the property, a court of chancery may afford relief under section 49 of the Chancery act.

Writ of Error to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Bond county; the Hon. William H. Snyder, Judge, presiding.

Mr. David Gillespie, for the plaintiffs in error.

Mr. E. L. Thomas, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

In his lifetime Elisha H. Blanchard, being the owner of the land in dispute, on the 13th day of April, 1861, conveyed it to one William Allen, and he two days after conveyed it to Lucy K., the wife of Blanchard. This arrangement grew out of the fact that Blanchard was dissipated, and the conveyance was made at the solicitation of relatives of the wife. Something more than a year afterwards she executed a deed for the land directly to her husband, and they resided on it until his death, and she has resided on it since. Blanchard died on the 4th of June, 1865, having made a will by which

he appointed William A. Allen and William S. Thomas his executors. They failed to qualify. No person ever applied for or obtained letters of administration on his estate. The widow subsequently married Edward T. King. The notes described in the bill were all due at the time of Blanchard's death, the last maturing more than fifteen months before that date. He retained property in value more than sufficient to pay his indebtedness, and all of the indebtedness described in the bill, but about $150, was contracted after he made the conveyance to Allen. This indebtedness, or any portion of it, was never reduced to judgment. On these facts complainants seek to have the lands sold for the payment of their debts.

In the view we take of this case but one question need be considered, as that disposes of the right to have the relief sought: Can equity entertain jurisdiction on mere demands that have never become a lien on the property sought to be subjected to their payment? Where there has been a fraudulent conveyance to hinder and delay creditors, and a claim has been reduced to judgment so as to become an equitable lien on the property, chancery will afford relief under the 49th section of the Chancery act. That section provides that a creditor having an execution returned no property found, or unsatisfied in part, may file a bill to discover property belonging to the defendant, and on such discovery to apply the same to the satisfaction of the judgment at law.

It was held in *Ishmael* v. *Parker*, 13 Ill. 324, *Greenway* v. *Thomas*, 14 id. 271, *Getzler* v. *Saroni*, 18 id. 511, *Bigelow* v. *Andress*, 31 id. 322, *Newman* v. *Willetts*, 52 id. 98, and a large number of other cases in this court, that as a general rule a creditor must reduce his claim to a judgment before he can maintain a bill to subject property fraudulently conveyed, or to enable a court of equity to enforce the claim of a creditor. If there be exceptions to the rule, they do not embrace this case, as it falls within the rule announced

and adhered to almost from the organization of this court. When the property, if not conveyed, would be subject to sale under a judgment at law, the creditor must obtain a judgment or decree, as though the rights sought to be subjected were purely equitable, before he can maintain a bill, and when the claim is against an insolvent estate, the creditor must have it properly allowed against the estate before he can remove a fraudulent conveyance to reach the property to satisfy his demand. He, in other words, must exhaust his legal remedies. See *McDowell* v. *Cochran,* 11 Ill. 31, *Armstrong* v. *Cooper,* id. 560, *Van Syckle* v. *Richardson,* 13 id. 174, *Bay* v. *Cook,* 31 id. 336, and numerous other cases in our Reports. If any proposition can be settled, this is the settled law in this jurisdiction. In this case the demands are simple debts, not reduced to judgments nor allowed against the estate in the probate court, or in any manner a lien on the property. The creditors had the right under the statute to have obtained administration on the estate, and have their claims allowed, and from the evidence in the record they could have obtained satisfaction of a considerable portion of their debts; but this they failed to do, and having slept on their legal rights, they are in no position to assert them in a court of equity. The cases cited above are conclusive of this question, and they render the other questions discussed by counsel unimportant in this case.

The Appellate Court decided correctly in affirming the judgment of the circuit court, and that decision must be affirmed.

*Decree affirmed.*