# IN THE MATTER OF THE ESTATE OF LAVINIA KAPU, DECEASED.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED AUGUST 21, 1907.     DECIDED SEPTEMBER 10, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

ADMINISTRATOR—*insolvent intestate—rights of secured creditor who disposes of security after presenting claim.*

> Where a creditor of an intestate whose estate is insolvent holds security for his claim, and after his claim is presented disposes of the security, the sum realized operates as a partial payment to reduce his claim pro tanto, and he is thereafter entitled to dividends only on the amount remaining due on the claim.

### OPINION OF THE COURT BY WILDER, J.

One Lavinia Kapu (w.) having died intestate, an administrator of her estate was appointed, and one of the claims presented to him and not rejected was for $3464.05, which was secured by a mortgage on real estate. This claim with the security was assigned to the Waialua Agricultural Co., Ltd., which company, before any of the debts of the decedent were paid, foreclosed on its security realizing therefrom $3000, leaving a balance due of $464.05. The estate turned out to be insolvent, there being only enough to pay the creditors a little over 14 per cent. of the amount of their claims. The Waialua Agricultural Co., Ltd., contended that it was entitled to receive a dividend based on its claim as originally filed of $3464.05 provided that the dividend should not in any event exceed $464.05, the balance due. The circuit judge ruled that the company could only receive a dividend based on the amount due at the time of payment, namely, $464.05, from which ruling it appealed to this court.

The question presented for consideration is, whether a creditor of an insolvent estate of a deceased person whose claim is secured by a mortgage on real estate is entitled to receive dividends upon its entire claim as originally presented, notwithstanding it thereafter realized from its security a sum less than the amount of its claim, or only upon the balance of its claim after applying thereon the proceeds so realized.

Sec. 1851 of the Revised Laws provides that a creditor of a deceased intestate may present his claim to the administrator even if secured by mortgage on real estate.

Whatever may be the rule where the creditor has not realized upon any of his security, in this case it appears that the security has been realized on and the creditor has received the benefit of it,—all before the payment of claims by the administrator. Were it not for the large number of decided cases which are claimed to be analogous to the matter under consideration, it would seem to be comparatively simple. It is clear that, if after presenting his claim a secured creditor realizes sufficient from the security which he holds to pay it in full, the debt (and the claim for it) is extinguished. Why then is it not partially extinguished to the extent of the amount received? The creditor has by his own act wiped out the debt in the one case and in the other has reduced the debt just so much. If the debt can be wholly paid in such a way, why can it not be partially paid? The creditor seems to be asking for a dividend based on something which he has already received. In this case the creditor having exhausted his security, and having a balance due him of $464.05 which is unsecured, claims the right to take more than half of the assets in the hands of the administrator and have its unsecured balance paid to it in full and cut down all other unsecured claims of creditors accordingly. Such a proposition is not only unjust and inequitable, but it would give one unsecured creditor a preference over all the other unsecured creditors. That this unsecured creditor was at the time of filing its claim a secured one is immaterial, because by its own voluntary act it derived all the benefit of

the security which it held and put itself, as to the balance due, in the class of unsecured creditors.

Counsel for the creditor cites numerous cases which hold that when an insolvent debtor makes an assignment for the equal benefit of persons to whom he is indebted, some of whom are secured by mortgages or otherwise, and others are not, the secured creditor is entitled to a pro rata dividend on the full amount of his claim without first exhausting his securities or deducting their value or the amounts he has realized from them since the assignment was made, and numerous other cases in which the same rule is followed in the winding up of an insolvent national bank. See *Miller's Appeal,* 35 Pa. St. 481; *People v. Remington,* 121 N. Y. 328; *Allen v. Danielson,* 15 R. I. 480; *In re Bates,* 118 Ill. 524; *Kellogg v. Miller,* 22 Ore. 406; *Bank v. Haug,* 82 Mich. 607; *Brown v. Bank,* 79 N. C. 244; *Chemical National Bank v. Armstrong,* 59 Fed. 372; *Merrill v. National Bank of Jacksonville,* 173 U. S. 131; *Aldrich v. Chemical National Bank,* 176 U. S. 638.

The theory on which these cases of assignments for creditors have been decided was very clearly stated by Mr. Justice Strong, afterwards of the U. S. Supreme Court, in *Miller's Appeal,* supra. That was a case where, after an insolvent debtor had assigned all his property for the benefit of his creditors, a creditor attached a legacy which the assignor became entitled to after the assignment. He said, "By the deed of assignment, the equitable ownership of all the assigned property passed to the creditors. They became joint proprietors, and each creditor owned such a proportional part of the whole as the debt due to him was of the aggregate of the debts. The extent of his interest was fixed by the deed of trust. It was, indeed, only equitable; but, whatever it was, he took it under the deed, and it was only as a part owner that he had any standing in court when the distribution came to be made. * * * It amounts to very little to argue that Miller's recovery of the $2402.87 (legacy) operated with precisely the same effect as if a voluntary payment had been made by the assignor

after his assignment; that is, that it extinguished the debt to the amount recovered. No doubt it did, but it is not as a creditor that he is entitled to a distributive share of the trust fund. His rights are those of an owner by virtue of the deed of assignment. The amount of the debt due to him is important only so far as it determines the extent of his ownership. The reduction of that debt, therefore, after the creation of the trust, and after his ownership had become vested, it would seem, must be immaterial." This same theory is followed in the case of the winding up of insolvent national banks. See cases supra. Thus all of the foregoing cases are based upon a principle that distinguishes them from the case at bar, since a creditor of the estate of a deceased person has no ownership or vested interest, equitable or otherwise, in the assets of such estate.

The creditor concedes that the rule for which it contends is not the one which is followed in bankruptcy matters, but claims that the bankruptcy rule is inapplicable because of express statutory provisions and of the peculiar and special jurisdiction of bankruptcy courts. The matter is now expressly covered in the Federal Bankruptcy Act, but the same rule has always been followed by the bankruptcy courts under the earlier acts both in the United States and in England in the absence of any express provision on the point. Although it is difficult to comprehend why the death of one who is bankrupt should alter the rights of a secured creditor, still it is not necessary that the bankruptcy rule should be applied in this case simply because it is the rule followed in the bankruptcy courts.

A brief review of the English cases will be found instructive, although since 1873 the matter in England has been expressly covered by statute. The first case there was that of *Greenwood v. Taylor,* 1 Russel & Mylne, 185, decided in 1830. That was a case where a mortgagee petitioned for the sale of his security and to be permitted to prove the full amount of his debt in a suit for the administration of the assets of a deceased mortgagor. It was held that he could prove only so much of his

debt as might remain unpaid by the produce of the mortgaged estate. The opinion in that case said: "The rule in bankruptcy must be applied here; and the mortgagee cannot be permitted to prove for the full amount of his debt but only for so much as the mortgaged estate will not extend to pay. This rule is not founded, as has been argued, upon the peculiar jurisdiction in bankruptcy, but rests upon the general principles of a court of equity in the administration of assets. The mortgagee, who has two funds, as against the other specialty creditors, who have but one fund, must resort first to the mortgage security, and can claim against the common fund only what the mortgaged estate is deficient to pay." It will be noticed that this case goes further than is necessary to hold in the case at bar. Seven years later, *Greenwood v. Taylor* was questioned in the case of *Mason v. Bogg,* 2 Mylne & C. 443, although the matter at issue was not the same. That case seemed to go no further than to hold that the right of a secured creditor to receive dividends upon the whole debt only remained while the securities were unrealized on. Finally in *Kellock's Case,* L. R. 3 Ch. App. 769, decided in 1868, it was held that a secured creditor is entitled to prove for the amount due at the time his claim is sent in without regard to securities which had been realized on by him between the sending in of his claim and its being adjudicated upon, and *Greenwood v. Taylor* was in effect overruled. But *Kellock's Case* involved the winding up of a company under the English statutes and so is not in point.

The only case cited by counsel for the creditor which is directly in point is that of *Furness v. Bank,* 147 Ill. 570. But that case was based upon the principle announced in *In re Bates,* 118 Ill. 524, supra, which was the case of an assignment for the benefit of creditors, and consequently distinguishable.

In the following cases it was flatly decided on reasoning which is very convincing that, if a secured creditor of an intestate estate which is insolvent disposes of his security before

or after his claim is presented and proved, the sum realized operates as a partial payment to reduce his claim pro tanto, and thereafter he can proceed only for the remainder of the claim and is entitled to dividends only on that amount: *Erle v. Lane,* 44 Pac. (Colo.) 591; *Sullivan v. Erle,* 44 Pac. (Colo.) 948; *Jamison v. Adler-Goldman Co.,* 28 S. W. (Ark.) 35; *Wheat v. Dingle,* 11 S. E. (S. C.) 394. We are of the opinion that the rule announced in these cases is an equitable and just one and should be followed in this jurisdiction.

The order appealed from is affirmed.

*W. A. Greenwell,* (*Castle & Wilhington* on the brief,) for Waialua Agricultural Co., Ltd.

*P. L. Weaver* for the administrator.