CHING TAM SHEE, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF C. WINAM, *v.* ORIENTAL LIFE INSURANCE COMPANY, LTD., AND CHARLES H. ROSE, DEPUTY SHERIFF.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 16, 1909.          DECIDED DECEMBER 7, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

INJUNCTION—*execution sale on judgment against a decedent—estoppel.*
   A judgment creditor who had obtained allowance of his claim against the estate of a decedent may be equitably estopped thereby from causing the land of the decedent to be sold on execution.

OPINION OF THE COURT BY HARTWELL, C.J.

This was a bill for an injunction to restrain an execution sale of certain real estate which belonged to the testator C. Winam in his lifetime, the bill showing that the Oriental Insurance Co. obtained a judgment against Winam November 4, 1904, in the sum of $2480.25; that he died testate March 3, 1908; that his will was admitted to probate and letters testamentary were granted to the plaintiff April 20, 1908; that notice to creditors was first published June 29, 1908, and November 5, 1908, before the expiration of the time for filing creditors' claims, the insurance company applied for a writ of scire facias in order to obtain execution on the judgment, and July 30, 1909, order was made for execution to issue and the writ was delivered to the defendant Rose, deputy sheriff, who, August 7, 1909, levied upon and offered for sale for satisfaction of the judgment all of the real property belonging in his lifetime to said C. Winam and by him devised by his last will to the plaintiff in trust for certain purposes set forth in the will.

The bill alleges that the estate of Winam is in process of settlement in due course under the supervision of the circuit

court; that the insurance company filed its claim against the estate which had been allowed; that claims against the estate which had been allowed amounted to $4718.58, for payment of which there was no personal property and that the real property does not equal in value the amount of the judgment; that the plaintiff contested the insurance company's right to a scire facias on the ground that the court was without jurisdiction to issue it and August 23, 1909, moved the court to quash the execution on the ground that the property was in custodia legis; that the insurance company had no judgment lien upon it and that as the estate was insolvent the effect of the execution would be to give to the company preferential payment of its claim to the exclusion of other creditors, but that the motion was denied. The bill submits that the issuing of the execution and the levy were without warrant of law for the same reasons which the plaintiff had presented in her contest against issuing the scire facias and for quashing the execution, and for the additional reason that by getting its claim allowed the insurance company was estopped from taking out execution and levying upon the property.

On the filing of the bill a temporary injunction was issued which on the defendants' motion was dissolved by decree of the court, the plaintiff appealing.

The defendants contend that the plaintiff's remedy was at law by bringing exceptions to the order granting the writ of scire facias and denying the motion to quash, which exceptions would have afforded her a full opportunity to review those rulings and that therefore equity will not grant the relief, citing *Atcherley* v. *Jarrelt,* 19 Haw. 511.

The plaintiff seeks to distinguish that case by the fact of the insolvency of the estate, which could not have been known when the petition for scire facias was brought, as the six months for filing the claims had not then elapsed. But the insolvency must have been known to the plaintiff August 23, 1909, when

the motion to quash was made, and if then available as a defense equity will not relieve the plaintiff from the consequences of her failure to make the defense unless there is something in the nature of the case which makes the rule in *Atcherley* v. *Jarrett,* and cases there cited, inapplicable.

Does the fact that there are claims of creditors not parties to the scire facias proceedings take the case out of the rule in the *Atcherley* case? The other creditors are undoubtedly entitled to have the decedent's property applied in payment of their claims pro rata and their right is enforceable in no other way than by a sale of the real estate by the executrix. The land of a decedent does not require to be inventoried as assets but it is equitable assets during the process of administration of the estate.

It does not appear that the administrator of an insolvent estate can place the estate in bankruptcy in order to prevent execution sales and a pro rata distribution among all the creditors by a creditor whose claim has been presented and allowed. If, as remarked in *Estate of Lopez,* ante p. 620, "There is no right of action against the administrator to recover a claim which he has allowed," it follows that a judgment creditor whose claim has been allowed has no right to an execution against the estate. The remark in the *Lopez Estate* case, although perhaps not required for the decision, correctly states the law, its reason being that after a claim is allowed by the administrator but not paid, although he may be liable personally for a devastavit or on his bond if he has wasted or misapplied the assets or failed to apportion them, as he ought to do, among the creditors pro rata, he is not liable to an action for its nonpayment. It is only upon the administrator's rejection of the claim that an action for its nonpayment lies against him and that must be brought within two months after notice of its rejection or after the claim becomes due. Any other course than this would place the estate at the mercy of

judgment creditors having no liens by reason of their judgments and prevent its pro rata distribution.  *Nathan* v. *Vida,* 1 Haw. 143.

The defendants' contention that it was the duty of the executrix if she wished to obtain exemption of the estate from suits to represent its insolvent condition appears to be based on statutes existing elsewhere but not here.

A judgment creditor cannot rely both upon his judgment and upon his allowed claim.  By presenting his claim to the executrix and obtaining its allowance he was equitably estopped from proceeding to obtain satisfaction of his judgment against the estate.  This is true whether he could have obtained execution against the estate if he had not got his claim allowed or not, a question upon which we express no opinion.  The executrix would properly have inferred from the judgment creditor obtaining allowance of its claim against the estate that it did not intend to enforce payment by an execution sale of the land and did intend that the claim should take its regular course of administration with other claims.  This assertion of claim precluded the judgment creditor from afterwards assuming an inconsistent position to the prejudice of the executrix.  If it had intended to enforce satisfaction of judgment by execution sale it ought not to have obtained allowance of its claim against the estate generally thereby lulling the executrix into a sense of security that upon her application for its sale the land would be available in payment of all the allowed claims.  It would be inequitable to allow him to do so and on this ground the injunction ought to be granted and is accordingly allowed.

Decree reversed.  Injunction granted.

*R. W. Breckons* and *W. W. Thayer* for plaintiff.

*Castle & Withington* for defendants.