## EMILIE L. D'HERBLAY *v.* CHARLES G. MACOMBER.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 21, 1910.          DECIDED NOVEMBER 29, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

CREDITOR'S SUIT—*bill to set aside deed.*

D. filed her bill in equity, alleging that N. had executed to her two promissory notes; that N. conveyed his property to M. with the purpose to defraud her; that N. having died without any property subject to execution, she prayed that the deed be set aside, the property sold, and the proceeds applied to the payment of her notes.

Held, on demurrer by M. that a court of equity is without jurisdiction to recognize the promissory notes as a valid claim against the estate of N.

OPINION OF THE COURT BY DE BOLT, J.

This is an appeal from an order sustaining the defendant's demurrer to a bill filed by the plaintiff, alleging in substance, that on September 23, 1892, Samuel Norris executed to the plaintiff two promissory notes payable "after" the death of Norris, on which notes, including interest, there is now due and unpaid the sum of $66,240; that on June 25, 1910, without consideration and with the purpose to defraud the plaintiff, Norris executed to the defendant a deed for certain property

on the Island of Hawaii, known as the Kahuku ranch, containing an area of about 185,000 acres, together with personal property thereon; that Norris died on July 14, 1910; that at and from the time of the execution of the deed to the time of his death, Norris had no other property subject to execution; that the plaintiff is without a remedy at law, and that, unless the defendant be restrained, he may commit waste or dispose of the property, and thus the plaintiff might suffer irreparable injury.

The bill prays that the deed be adjudged fraudulent and void; that a temporary injunction issue restraining the defendant from committing waste and from disposing of or encumbering the property; that a decree issue declaring the plaintiff entitled to payment of the notes out of the proceeds of the property; that a receiver be appointed with the usual powers and duties; that the property be sold and the proceeds, or so much thereof as may be necessary, applied in payment of the plaintiff's claim, and for other relief.

The crucial question in this case, as presented by the defendant's demurrer, is this: Has a court of equity jurisdiction to recognize a promissory note as a valid claim against the estate of a decedent and power to subject property, fraudulently conveyed by the deceased grantor, to the satisfaction of such claim? In our opinion, both upon reason and authority, this question must be answered in the negative.

The plaintiff's chief contention, based upon the *Lopez* case, 19 Haw. 620, 624, namely, that a creditor's bill against the grantee of a fraudulent conveyance is not demurrable on the ground that the plaintiff has not obtained judgment against the administrator and taken out execution on which *nulla bona* has been returned, may be conceded for the purposes of this case. But this does not obviate the necessity of having the validity of the claim either conceded or otherwise established in some manner recognized by law; for it is indispensable to the maintenance of a creditor's bill against the grantee

of a fraudulent conveyance by a deceased grantor, that the plaintiff shall have first established the fact that he is a creditor of the decedent's estate, and that his claim is valid and genuine. These prerequisites are essentially of common law jurisdiction as distinguished from equity. For aught that appears, the estate of the decedent may have a good defense to the notes if they should be presented to the administrator. (*Houston* v. *Maddux,* 179 Ill. 377, 389.) Why should the defendant be required to assume the burden of a defense which in no way concerns him?

In *Estes* v. *Wilcox,* 67 N. Y. 264, 266, the court said:

"In a suit against the personal representatives of the debtor to recover it (the claim), any defence which the debtor himself could have made, could be interposed, and the claims would be subject to set-off, or to the plea of the statute of limitations, or to any defence existing when the action was brought. These questions would be settled as between the creditor and the estate by a judgment in the creditor's action against the representatives. It is convenient and reasonable to require this to be done before subjecting third persons to litigation with the plaintiff, who may never be able to establish any claim against the estate."

Moreover, to permit a court of equity to assume jurisdiction in this matter and pass upon the genuineness of these notes would be an invasion of the constitutional right of a trial by jury. (*Putney* v. *Whitmire,* 66 Fed. 385, 388.)

The plaintiff has not had her claim allowed by the administrator, nor has she otherwise established the fact that she is a creditor of the estate; consequently she has no standing in a court of equity.

Touching upon the various phases of the question before us, as well as upon creditors' bills in general, we cite the following authorities: *Haston* v. *Castner,* 31 N. J. Eq. 697; *M, M. T. Co.* v. *Borland,* 53 Id. 282; *Rutherford* v. *Alyea,* 54 Id. 411; *Scripps* v. *King,* 103 Ill. 469; *National Bank* v. *Kinard,* 5 S. E. 464; *Compton* v. *Patterson,* Id. 470; 3 Pomroy's Eq.

Jur. (2d ed.) Sec. 1415; 1 High on Injunctions, Sec. 326; *O'Connor* v. *Boylan,* 49 Mich. 209.

We cannot accept the plaintiff's view that the legal relief sought, namely, the establishment of the claim on the notes, is incidental to the prayer to set aside the deed. To the plaintiff, as is natural, payment of the notes is the chief purpose of the suit—all other matters involved are merely incidental to that end. (16 Cyc. 114.)

The plaintiff further contends that should she present her claim to the administrator for allowance she would be estopped from contending for payment out of the real property of the deceased, citing *Ching Tam Shee* v. *Oriental Life Ins. Co.,* 19 Haw. 663. A similar question of estoppel was discussed in *Castle Estate* v. *Haneberg, ante* 123, 127. The *Ching Tam Shee* case is clearly distinguishable from the case at bar. In that case the claimant, a judgment creditor, was held estopped from levying execution on the ground that having obtained the allowance of its claim the executrix would properly have inferred therefrom that the claimant did not intend to enforce payment by an execution sale of the land and did intend that the claim should take its regular course of administration with other claims. Should the plaintiff present her claim to the administrator she would then be pursuing the regular course prescribed by the statute, and in the event of a deficiency of assets in the hands of the administrator with which to pay her claim, there is no reason why she could not then reach property fraudulently conveyed by the deceased and have the proceeds applied on her claim. The case at bar is further distinguishable from the *Ching Tam Shee* case on the ground that in that case there was no claim that any property had been fraudulently conveyed.

Counsel for the plaintiff placed considerable reliance on *Case* v. *Beauregard,* 101 U. S. 688. The case had been before the court in 99 U. S. 119. In the later decision it was held that the first decision was *res judicata.* As we view the case it

is authority for the defendant rather than for the plaintiff.

The case viewed from its inception supports the doctrine that in the absence of an established claim, lien or trust, a court of equity in a case like the one at bar has no jurisdiction.

The order appealed from is affirmed.

*Magoon & Weaver* for plaintiff.

*S. M. Ballou* and *A. S. Humphreys* (*C. W. Ashford, A. S. Humphreys,* and *Kinney, Ballou, Prosser & Anderson* on the brief) for defendant.