*Ex parte* OSAKI MANKICHI.

*Ex parte* GOTO HAYZO.

*Ex parte* IHARA ICHIGORO.

*Ex parte* YAMANE NENCHIRO.

APPEALS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED AUGUST 12, 1901.          DECIDED AUGUST 26, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A Justice of the Supreme Court is not disqualified from sitting on an appeal in a habeas corpus case brought to obtain the release of a prisoner under a sentence of imprisonment previously pronounced by such Justice when a Circuit Judge in a criminal case. The provision in Section 84 of the Organic Act that, "No judge shall sit on an appeal, or new trial, in any case in which he may have given a previous judgment," does not apply to such a case.

During the period between the annexation of these islands to the United States and the establishment of Territorial government here, persons accused of crime could lawfully be prosecuted without the intervention of a grand jury and convicted by nine out of twelve trial jurors.

OPINION OF THE COURT BY FREAR, C.J.

(Galbraith, J., dissenting.)

These are appeals from orders discharging the petitioners in habeas corpus proceedings.

The prisoners had been indicted, tried, convicted and sentenced at the May Term, 1899, of the Circuit Court of the First Circuit. They were convicted and sentenced as follows: Mankichi, manslaughter in the first degree, nine jurors, imprison-

ment for twenty years; Hayzo, rape, nine jurors, imprisonment for life; Ichigoro, murder in the first degree, ten jurors, death, commuted, we believe, to imprisonment for life; Nenchiro, manslaughter in the third degree, ten jurors, imprisonment for five years.

These cases are similar to that of *In re Ah Oi*, just decided, and are controlled by the decision in that case except as to one question which will now be considered.

As remarked in that case, counsel for the petitioners have since the hearing, called our attention to the fact that Mr. Justice Perry, now a member of this court, was the Circuit Judge who found the indictments, presided at the trials and pronounced the sentences in the criminal cases under the sentences in which the petitioners were held, and suggested that he is disqualified from sitting on these appeals in the habeas corpus cases by reason of the provision in Section 84 of the Organic Act that, "No judge shall sit on an appeal, or new trial, in any case, in which he may have given a previous judgment." This provision with many others in the Organic Act was taken from the Constitution of the Republic of Hawaii.

Of course, these hearings are not new trials in the criminal cases in which the petitioners were convicted. It is equally true that they are not appeals in those cases. They are appeals in habeas corpus cases, which were heard by a different Circuit Judge. The habeas corpus cases when before the Circuit Judge were not new trials or appeals in the criminal cases. That Judge could not grant new trials in those particular cases or entertain appeals in any case of that character. Much less are the appeals in this Court in the habeas corpus cases, appeals in those criminal cases. Not only are these different cases, but they are different in kind. They are civil cases to enforce the civil right of personal liberty. The others were criminal cases to inquire into alleged criminal acts. As the Supreme Court of the United States said, per Mr. Chief Justice Waite, in *Ex parte Tom Tong*, 108 U. S. 556, "The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of

personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to enquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offence; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. This petitioner claims that the Constitution and a treaty of the United States give him the right to his liberty, notwithstanding the charge that has been made against him, and he has obtained judicial process to enforce that right. Such a proceedings on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution." See also *Kurtz v. Moffit*, 115 U. S. 487, 494; *Farnsworth v. Montana*, 129 U. S. 104, 113; *Cross v. Burks*, 146 U. S. 82, 88; *Henderson v. James*, 52 Oh. St. 242. So different, indeed, are the two classes of cases that habeas corpus lies to liberate one whose imprisonment is unlawful for the want of an indictment by a grand jury even when no appeal or writ of error lies in a criminal case. *Ex parte Wilson*, 114 U. S. 417, 421.

The provision of Section 84 now invoked applies to only (1) an appeal or (2) a new trial in (3) the same case in which the judge has given a previous judgment. The appeal before this court in each habeas corpus case is one remove farther from the criminal case in which Judge Perry sat than the original

habeas corpus case before Circuit Judge Gear was. Consequently if Mr. Justice Perry could not sit on this appeal he could not sit in an original habeas corpus case brought to obtain the release of a prisoner sentenced by him—which would be absurd. If he could not do that it would be because such a habeas corpus case would be the same case as, and either an appeal or new trial in the criminal case, which also is absurd. Who ever heard it advanced that a Judge could not sit in a habeas corpus case brought to secure the release of a prisoner though sentenced by himself? This was done during the present month by the very Circuit Judge from whose decisions these appeals are taken. In the case of *In re Pahia*, now before us and about to be decided, it appears that Judge Gear sat in a habeas corpus case brought to obtain the release of a person, not merely over whose case he had presided, but whom he himself had convicted as well as sentenced. This was of course perfectly proper. It was a different case and neither an appeal nor a new trial.

The maxim that no man shall be a judge in his own cause, of course has no application to this case. The question is not whether Judge Perry was right or Judge Gear wrong, but whether the petitioners are unlawfully held. Judge Perry is not a party in these cases. They are not "his own causes." They are the causes of the petitioners. It has been a most common occurrence in both England and the United States for judges to sit on appeals not only in cases in which questions were involved which have previously been passed on by themselves in other cases but also in the very cases in which they have previously actually sat and rendered judgments. It is the statute, not the maxim, that now prevents a judge from sitting on an appeal or new trial in the same case in which he has given a previous judgment, but the statute does not go so far as to prevent him from sitting on an appeal or new trial in a different case though he may have previously sat in a case involving the same question of law. If the statute did go so far, the dissent-

ing member of this court would himself be disqualified in these cases, for he has given a previous judgment in a case the only questions raised in which were the very questions involved in these cases.

The appeals are sustained, the orders appealed from reversed, and the prisoners remanded to custody.

*Geo. A. Davis* and *F. M. Brooks* for the petitioners.

*Attorney-General E. P. Dole* for the respondents.

### DISSENTING OPINION OF GALBRAITH, J.

I respectfully dissent. My reasons for so doing are given in the dissenting opinion filed in the case of *Ah Oi* (*ante* p. 534) argued and submitted with the above case.