# WILLIAM W. BRUNER *v.* C. BREWER & COMPANY, LIMITED.

## Error to Circuit Court, First Circuit.

Argued October 2, 1911.                    Decided October 3, 1911.

Robertson, C.J., Perry and De Bolt, JJ.

Judges—*disqualification—pecuniary interest.*

> Under Section 84 of the Organic Act as amended by the Act of Congress of May 27, 1910, a justice is not disqualified from sitting in a cause in which a corporation is a party by the fact of a relative by affinity or consanguinity within the third degree holding shares of stock in the corporation, the justice having no

pecuniary interest in the issue of the cause either directly or through such relative.

ID.—*disqualification—appeal from order made by one of the justices.* Under the same section as so amended a justice who while judge of a circuit court made an order which is attacked on appeal on the ground of lack of jurisdiction is disqualified to participate in the hearing of the appeal even though the order was interlocutory and was based on a stipulation of the parties.

OPINION OF THE COURT BY PERRY, J.

The defendant suggests that the chief justice is disqualified from sitting in this case owing to the fact that his mother and his brother own shares of stock in the defendant corporation. Section 84 of the Organic Act, as amended by the Act of Congress of May 27, 1910, providing that "no person shall sit as a judge or juror in any case in which his relative by affinity or by consanguinity within the third degree is interested, either as a plaintiff or defendant, or in the issue of which the said judge or juror has, either directly or through such relative, any pecuniary interest," is relied upon in support of the suggestion. The precise point of law involved was considered and determined in *Ewa Plantation Co.* v. *Holt,* 18 Haw. 509, the conclusion of the court being that "by the terms of Sec. 84 Org. Act a justice is not disqualified from sitting in a cause in which a corporation is a party by the fact of a relative by affinity or consanguinity within the third degree holding shares of stock in the corporation, the justice having no pecuniary interest in the issue of the case either directly or through such relative." In the present instance, likewise, the chief justice has no pecuniary interest in the issue of the case either directly or through the relatives mentioned.

In an affidavit filed by the defendant it is intimated that the "estate of G. M. Robertson" (referring to the father, now deceased, of the chief justice) is the owner of certain shares of stock in the defendant corporation and that for this additional reason the chief justice is disqualified. The chief justice informs the court and we find that his father's estate does not own any of the stock referred to.

Upon Mr. Justice DeBolt's suggestion another question of disqualification is considered. The facts are these: The original case was an action of assumpsit. After the filing of the answer and before trial the parties entered into an agreement to settle by arbitration the issues raised under the pleadings and filed in the cause a stipulation to that effect, naming at the same time the three persons who were to serve as arbitrators and making certain provisions concerning the presentation of the matter to the arbitrators. In pursuance of the agreement and without hearing argument Mr. Justice DeBolt, who was then a judge of the circuit court of the first circuit, made an order referring the issues to the arbitrators in accordance with the terms of the stipulation. Final judgment, based on the award of the arbitrators, was entered by another judge of the circuit. The present writ of error is directed, as required by law, to the final judgment, but one of the assignments is that the trial court erred in making the order of reference "for the reason that there was no jurisdiction in said court or in said judge to make the same."

Section 84 of the Organic Act, as amended by the act of 1910, provides that no person shall sit as a judge "on an appeal from any decision or judgment rendered by him." The word "appeal," it is obvious, is used in a general sense. A writ of error is an appeal within the meaning of the statute. So, also, the order of reference is none the less a "decision" merely because it was interlocutory. To hold otherwise would be to render the provision nugatory in many instances where the reason for its enactment exists as clearly as it does in the case of final judgments. Nor does the fact that the order was based upon the stipulation and was granted without hearing argument, render the statute inapplicable. The making of the order necessarily involved a ruling by the judge to the effect that he had jurisdiction to make it, otherwise it would have been denied in spite of the agreement of the parties. The application of the statute cannot in such cases be made to depend upon the

extent of the examination or the degree of thought bestowed by the judge upon the questions involved.

In our opinion, under the existing facts the statute does not disqualify the chief justice but does disqualify Mr. Justice DeBolt.

*C. W. Ashford* for plaintiff.

*R. B. Anderson* for defendant.