## HONOLULU PLANTATION COMPANY *v.* H. TSUNODA, Y. AHIN, K. MIYATA AND K. TANAKA.

### No. 1521.

RESERVED QUESTIONS FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

ARGUED MAY 28, 1924.                    DECIDED JUNE 10, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*reserved question—prior ruling not a bar.*
    The power granted to trial judges under sections 2511 and 2512, R. L. 1915, as amended by Act 47, S. L. 1919, to reserve questions of law for the consideration of this court, may in a proper case be exercised even though the trial judge has already expressed his views or made a ruling upon the disputed point, provided at the time of the reservation he has well founded doubts as to the correctness of his views or ruling.

EQUITY—*demurrers—defects waived by failure to demur before answer.*
    The failure to demur before answer does not debar a respondent from the right to demur after answer on the ground of lack of jurisdiction over the subject-matter or on the ground of the failure of the complainant to set forth in his bill a cause of action.
    The objection that a bill in equity is multifarious is waived by a failure to demur before answer.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity for the foreclosure of two mortgages given to the petitioner by one of the respondents, for the setting aside of a judgment of summary possession terminating a lease which was subject to one of the mortgages and for other relief. Tsunoda, the mortgagor-respondent, made no appearance. The other respondents filed answers, without demurring. The cause proceeded to trial. After examination of witnesses for

several days the complainant moved for leave to amend the bill. This was not objected to by the respondents, the leave was granted and the bill was amended in one of its paragraphs by inserting here and there a few words, which amendments were initialed by the clerk of the court. The respondents (other than Tsunoda) thereupon against objection by the petitioner and with leave of the court filed demurrers to the amended petition but no special grounds of demurrer were assigned to these amendments. Subsequently and evidently after hearing some argument on the merits of the demurrers, the trial judge reserved for the consideration of this court the following questions:

"1. Upon the allowance of the amendment to paragraph XIX of the bill of complaint did the respondents have the right to demur to the entire amended bill of complaint they not having demurred to the original bill?

"2. Did the court err in allowing said demurrers to be filed?

"3. Should the demurrer of Y. Ahin to the amended bill of complaint be sustained upon any of the grounds stated in said demurrer?

"4. Should the demurrer of K. Tanaka and K. Miyata to the amended bill of complaint be sustained upon any of the grounds stated in said demurrer?"

It is contended by the respondents that under our statute the trial court was without power to reserve for the consideration of this court the question of whether or not the respondents had a right to demur after answer for the reason that the court had already ruled upon the point in favor of the respondents and by such ruling showed that it was free from doubt upon the issue of law thus attempted to be reserved. Act 47, S. L. 1919, amending sections 2511 and 2512, R. L. 1915, provides that "whenever any question of law shall arise in any trial or other proceeding before a circuit court or circuit judge in chambers or the land court, the presiding judge

may reserve the same, either on his own motion or upon motion of either party, for the consideration of the supreme court." While it has been held (*Territory* v. *Scully,* 22 Haw. 484, 486) that the original statute (R. L. 1915, Secs. 2511 and 2512) authorizing the reserving of questions "never intended that questions should be reserved unless the judge below has well founded doubts upon them" and while the same doubtless is true in this respect of the amendatory statute above referred to, nevertheless there is nothing in the amendatory statute making the mere fact of a ruling once made or a view once expressed a bar to the reservation of a question. Trial judges, like other judges, are human. They are sometimes required by the necessities of the case to make rulings while not entirely free from doubt upon the point that is being ruled upon. Sometimes those doubts are accentuated after the making of the rulings. Sometimes, too, while not doubtful at the time, they may well become doubtful soon afterwards by reason of further reflection or new authorities brought to their attention. In the case at bar the court below expressly certifies in reserving the questions to this court that it was "in doubt as to the correctness of its ruling permitting the filing of said demurrers" as well as "in doubt also as to whether said demurrers, or either of them, should be sustained upon any ground therein stated." When, as in this instance, a circuit judge entertains serious doubt as to the correctness of a ruling made by him and practically as a part of the same transaction concludes to reserve the question for the consideration of this court, the mere fact of his having already expressed his view upon the point or of having already made a ruling will not of itself, in the absence of other controlling circumstances, render impossible or improper the reservation of the questions. In *McCandless* v. *Lansing et al.,* 19 Haw. 467, referred to

by the respondents in support of their objection, the court not only said that "no question is presented which the judge had not ruled upon" but also relied upon the fact that "the statute does not authorize this court in answering reserved questions to order such judgment 'as is fit and proper for the further disposition of the case' * * * nor, as in cases of exceptions, to vacate a judgment and require such further proceedings 'as to law and justice shall appertain.'" The significance and importance of the reasons last quoted appear from an examination of the record in that case which discloses that after the trial judge had directed the jury to render a verdict for the plaintiff and after the jury had brought in its verdict in conformity with the instruction and without a motion for a new trial or other equivalent proceedings, the trial judge sought to reserve to the supreme court the question of whether the verdict was contrary to law upon the statement of facts submitted. In other words, in that case not only had the trial judge ruled but the ruling had been acted upon by the jury and no appropriate proceeding had been taken for setting aside that verdict. Under those circumstances, this court very properly said in effect that if it were to consider the questions submitted it would have no power to render any judgment effectuating its view of the law. That decision cannot properly be regarded as a precedent applicable to the facts of the case at bar.

The next question is whether the respondents had a right to demur at the time and under the circumstances when the demurrers were filed. The general rule is that the proper time for demurring is before answering to the merits. To this rule there are certain exceptions. One is that the jurisdiction of the court over the subject-matter of the suit may be attacked at any time, by demurrer or otherwise. Another well established exception is that

the objection that the bill does not set forth a cause of action may be presented at any time, not only by demurrer but by objections to the admission of any evidence and by appropriate motions,—even after judgment by a motion in arrest. Objections, however, to mere matters of form and to mere matters of convenience, as, for example, the objection of multifariousness, are deemed to have been waived by a failure to demur before answer. "The general rule is that a party will not be permitted to demur after he has pleaded to the merits unless the pleading is first withdrawn." This rule, however, does not apply to "a demurrer for failure to state facts sufficient to constitute a cause of action as such a demurrer may usually be filed at any time, even after an issue framed and submitted to a master or jury, or after judgment." 31 Cyc. 275, 276. "All defects appearing on the face of the record are waived by failure to demur thereto, except such substantial defects as are not cured by verdict, or show a complete absence of a cause of action or a want of jurisdiction over the subject-matter." 6 Ency. Pl. & Pr. 372. "The objection that a complaint does not state facts sufficient to constitute a cause of action, is never waived, but is available at any stage of the proceeding." *Ib.* 373. The reason for this rule obviously is that to hold otherwise would be utterly at variance with justice and that mere technicalities of procedure should not be permitted to avail a plaintiff who has shown by his own statement of his case that he has no cause of action against the respondent and that the respondent is not in fact and in law liable to him for any relief. In *Findlay* v. *Hinde,* 1 Pet. 241, 244, the United States Supreme Court said that the case then before it was "not like the cases in which there is an apparent want of equity, on the face of the bills, admitting all the facts stated to be true; nor like the case, in

which it is apparent, on the face of the bill, that a court of equity could have no jurisdiction of the matters charged. In such cases, although a demurrer will lie to the bill, yet none is necessary; inasmuch as there is either an absolute want of equity, or of jurisdiction." See also 21 C. J., Sec. 458, p. 430.

That the objection of multifariousness is waived by a failure to demur before answer, see 8 Ency. U. S. Sup. Ct. Rep. 536; 21 C. J., Sec. 470, p. 437, and Sec. 452, p. 425; and Story's Eq. Pl. (8th ed.) Sec. 453. The nature of the bill in this case was not changed by the amendments made in paragraph XIX and therefore the fact of the making of the amendments could. not of itself justify the filing of the demurrers after answer. 1 Ency. Pl. and Pr. 491.

This is primarily a bill to foreclose two mortgages, a subject-matter very clearly within the cognizance of a court of equity. Of the parties, it is not doubted, the court had jurisdiction. The bill alleges the execution and delivery by the respondent Tsunoda of the two mortgages in consideration of loans of money and that the respondent is still indebted to the complainant under the mortgages and prays for a foreclosure of the mortgages. This is a statement of the essentials of a cause of action against Tsunoda. A statement of the amount due under the mortgages is unnecessary. It is one of the well recognized functions of a court of equity to ascertain the precise amount due and to decree accordingly.

So also a cause of action against the respondent Ahin is sufficiently stated. It appears from the allegations of the bill that Ahin demised a certain piece of land to Tsunoda for a term of years on a stated rental and that, with the written consent of Ahin, Tsunoda assigned this lease to the petitioner as part of the security for the loans above mentioned, this assignment being included

in one of the mortgages sued on; that falsely and fraudulently and in effectuation of a conspiracy to defraud the petitioner of its rights under the mortgage, Ahin brought against Tsunoda an action for summary possession of the demised land, falsely alleging therein that the covenant for payment of rent had been broken; that Tsunoda, in pursuance of the same fraudulent conspiracy, fraudulently permitted rents under the lease to become in arrears and to remain unpaid, falsely admitted to the court that the allegations of the declaration in the action for summary possession were true and consented to a judgment terminating the leasehold; that such judgment was rendered and a writ of possession issued restoring Ahin to the possession of the demised property; and that the leasehold interest is essential to the plaintiff as security under the mortgage for the repayment of the moneys loaned by the petitioner to Tsunoda. If these allegations are true, the petitioner is entitled in justice and in law to relief as against Ahin.

The bill also alleges that after securing the judgment at law and possession thereunder of the property, Ahin executed a lease of the same premises to the respondents Miyata and Tanaka and that "said purported lease last mentioned was accepted and entered into by said K. Miyata and K. Tanaka with notice and knowledge on their part of said mortgage and of the rights of said Honolulu Plantation Company," the petitioner. It may be that this statement as to what the respondents Miyata and Tanaka at the time of accepting the lease had notice and knowledge of is somewhat ambiguous and uncertain; but the objection, if any, was certainly curable by amendment and clearly belongs to that class which is waived by a failure to demur before answer. The statement that these two respondents when they accepted the lease had notice and knowledge of "the rights" of the petitioner

is a statement that they had notice and knowledge of *all* of those rights including the right to set aside or disregard the judgment at law because of the fraud alleged and notice and knowledge, therefore, of the perpetration of the fraud which gave rise to those rights. Thus understood the bill sets forth a cause of action against Miyata and Tanaka. Whether the petitioner will be able to prove this allegation is quite another question. Whether and to what extent the petitioner can obtain relief against these two respondents if they were ignorant of the fraud and therefore of the petitioner's rights in consequence thereof is a question upon which an opinion need not be expressed at this time.

In *Rumsey* v. *N. Y. Life Ins. Co.*, 23 Haw. 142, 149, this court said that when, as in that case, "the reserved question is whether a demurrer to a bill in equity should be sustained and the points involved are complicated and the facts are not as fully and clearly set forth as they might be made to appear, and the bill would probably be amended should the demurrer be sustained, * * * this court ought not to be expected to answer the question, but should return it for decision by the judge who reserved the question." The statute, of course (R. L. 1915, Sec. 2512, as amended by S. L. 1919, Act 47), expressly provides that this court "may, in its discretion, return any reserved question for decision in the first instance by the circuit court or judge or land court." The reservation of a question does not always and necessarily tend to a more speedy termination of the litigation. Whether it does or not depends upon all of the surrounding circumstances. When as in the case at bar the proposal is made in the midst of a trial after much of the evidence has been adduced, other forcible reasons must exist in order to justify the interruption of the trial with its consequent disadvantages not only to the attorneys,

whose duty it is to present and to combat the evidence, but also to the judge, whose duty it is to weigh it and to pass upon it. Voluntary amendments by the petitioner or other developments in the case may render unnecessary a decision on some of the details argued in this court. In the case at bar we have expressed our view to the extent that it seems necessary or advisable to do so at this time.

The answer to the first question reserved is that the respondents had the right to demur, as they did, upon the grounds of lack of jurisdiction and absence of a cause of action. The second question is answered in the negative. The answer to the third and fourth questions is that a cause of action is set forth in the bill against all of the respondents and that the other grounds of demurrer have been waived.

*A. G. M. Robertson* (*Robertson & Castle* and *C. F. Clemons* on the brief) for complainant.

*Marguerite K. Ashford* (*Thompson, Cathcart & Beebe* on the briefs) for respondent Ahin.

*J. L. Coke* (also on the briefs) for respondents Miyata and Tanaka.