IN THE MATTER OF THE ESTATE OF F. W. K. BECKLEY, DECEASED.

No. 1882.

ARGUED SEPTEMBER 4, 1929.        DECIDED OCTOBER 25, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.
(Perry, C. J., dissenting.)

The above entitled case is now in this court upon questions of law reserved by the circuit judge under the provisions of section 2513, R. L. 1925. The preliminary question as to the qualification or disqualification of Mr. Justice Banks to sit in the case was raised before the hearing by the suggestion of Mr. Justice Banks himself and was disposed of by majority ruling of this court that said justice was so disqualified. This opinion is in support of the ruling so made at that time.

One of the questions submitted by the trial judge is whether or not a fee awarded to Ferdinand Schnack, as master, by the presiding judge in probate in the above entitled matter on June 2, 1924, is a proper charge against the estate in probate of F. W. K. Beckley, deceased. Whether or not the charge referred to is a proper charge against said estate is dependent in part upon the jurisdiction of the judge of the probate court to order an accounting and to appoint Mr. Schnack master in said matter, for the purposes, at the time and in the manner hereinafter set forth.

The record before us contains as exhibits "D" and "E" copies of two orders made by Mr. Justice Banks in said matter as the then judge of said probate court under dates of October 7, 1921, and February 3, 1922, respectively. Omitting caption, title, dates and signatures, they are as follows: Order of October 7, 1921: "This matter coming on before me for hearing on the petition of Sabina K.

Hutchison, asking for an accounting from Emma Metcalf Beckley, and on the return of Emma M. Nakuina (formerly Emma M. Beckley), and it appearing that the prayer of said petition should be granted, and it further appearing from the statements of respective counsel that it is impractical to secure an accounting from Emma M. Nakuina without a complete examination into her accounts, and the respective counsel waiving any claim for an accounting because of any personal property owned by said F. W. K. Beckley at the date of his death, and other good cause appearing therefor, it is hereby ordered, adjudged and decreed that the said Emma M. Nakuina render a full, true and correct accounting of the estate of the said F. W. K. Beckley, but not of any personal property owned by him at the date of his death, and that said accounting be obtained as hereinafter ordered; and it is further ordered that Wm. Hoopai be and he is hereby appointed master to act in the above entitled estate for the purpose of obtaining an accounting from the said Emma M. Nakuina, and with full power in the premises to subpoena witnesses, administer oaths and do all and every act and have every power usual to masters; and it is hereby further ordered that the above entitled matter be and the same is hereby referred to the said Wm. Hoopai as master to hear the same and the parties thereto and their evidence, for the purpose of obtaining and to obtain an accounting from the said Emma M. Nakuina, and report his findings to this court." Order of February 3, 1922: "It appearing that Wm. Hoopai, the master appointed under order of court dated and filed October 7, 1921, in the above entitled matter, has resigned and good cause appearing therefor, it is hereby ordered, adjudged and decreed that F. Schnack be and he is hereby appointed master in the place and stead of the said Wm. Hoopai for the purpose of obtaining an accounting from the said Emma

Nakuina as ordered in the said order of October 7, 1921, with all the powers and duties granted by said order to Wm. Hoopai."

In the opening brief for the Bishop Trust Company, Limited, administrator with the will annexed, the first proposition which said administrator seeks to demonstrate is thus set forth: "The probate court had no jurisdiction over the accounting by Mrs. Nakuina, who was trustee as well as executrix, for the reason that this accounting was in her capacity as trustee and not as executrix, and was therefore an accounting within the jurisdiction of a court of equity and not of a court of probate." In the master's brief, section two sets forth in its opening paragraph that "the next question * * * is whether or not the circuit judge properly ordered an accounting." In its answering brief the administrator with the will annexed recites: "The main contention of the Bishop Trust Company, Limited, in its opening brief was that the accounting by Mrs. Nakuina, out of which the present question arises, was improperly ordered by the probate court for the reason that such accounting was really an accounting by her as trustee, over which accounting a probate court has no jurisdiction, and not an accounting by her as executrix." Thus counsel are in agreement that one of the principal questions to be determined by this court upon the present submission is the question of the validity or invalidity of the two orders above quoted and this view, in our opinion, is sustained by an examination of the record.

The portion of section 84 of our Organic Act applicable to the present controversy, with other parts omitted, reads as follows: "* * * nor shall any person sit as a judge * * * on an appeal from any decision or judgment rendered by him." In construing the above quoted portion of section 84 with reference to the question of the

qualification or disqualification of a member of this court to sit upon submissions like the present one we are confronted by two questions: (1) What is an "appeal" within the purview of the section? and (2) Within the meaning of that section, how must the judgments or decisions of the trial judge be questioned or attacked in order to render him disqualified to sit in review of the same?

(1) With reference to the first question set forth in the last preceding paragraph, the Organic Act does not contain its own definitions, but it does provide (Sec. 83) "that the laws of Hawaii relative to the judicial department, including civil and criminal procedure, except as amended by this Act, are continued in force, subject to modification by Congress, or the legislature." Chapter 146, R. L. 1925, according to its title, deals with "Appeals, Exceptions, Error." In it are the subheads "Appeals," "Reserved Questions," "Exceptions," and "Writs of Error." Each term has its own technical meaning and each has its own separate provisions. Did Congress intend that only in cases coming up on "appeal," as that term is technically used in sections 2508 to 2512 of chapter 146, R. L. 1925, in contradistinction to other methods of review provided in the later sections of that chapter, would judges be disqualified to sit in review of their own judgments and decisions? We believe that such a construction would defeat the apparent purpose of the provision, which is to secure to litigants the right of a fair and impartial review of judgments and decisions, by whatever appellate procedure is prescribed or appropriate in the premises, and before judges other than those who themselves rendered the judgments or decisions thus to be reviewed. In this view the word "appeal," in so far as it refers to a method or methods of review in this court, is construed with reference to section 2224, R. L. 1925, which provides in part that "the supreme court shall have

appellate jurisdiction to hear and determine all questions of law or of mixed law and fact which shall be properly brought before it on exceptions, error or appeal duly perfected from any other court, judge, magistrate or tribunal, according to law, or by reservation of any circuit court or judge." In *Bruner* v. *Brewer,* 20 Haw. 617, 619, in construing section 84 of the Organic Act, this court said: "The word 'appeal,' it is obvious, is used in a general sense. A writ of error is an appeal within the meaning of the statute." By analogy the word "appeal," as used in said section of the Organic Act, extends not only to writs of error but to other methods of invoking the "appellate jurisdiction" of this court set forth in the above quoted section 2224, R. L. 1925.

(2) Within the meaning of section 84 of the Organic Act, how must the judgments or decisions of a trial judge be questioned or attacked in order to render him disqualified to sit in review of the same? If the judgment or decision is a final one and the case comes up upon direct appeal therefrom, by specific provision section 84 above quoted is applicable. By authority it is also applicable if the judgment or decision is interlocutory and the case comes up upon a writ of error which contains an assignment directly attacking such interlocutory judgment or decision. In *Bruner* v. *Brewer, supra,* the circuit judge, under the terms of a stipulation, made an order referring the issues to arbitrators. Final judgment, based on the award of the arbitrators, was entered by another judge of the circuit. Writ of error in the case was directed, as required by law, to the final judgment; but one of the assignments was that the trial court erred in making the order of reference "for the reason that there was no jurisdiction in said court or in said judge to make the same." Upon suggestion of the disqualification, under section 84 of the Organic Act, of the judge who made the said order

of reference to sit upon review of said case in this court, this court said: "The order of reference is none the less a 'decision' merely because it was interlocutory. To hold otherwise would be to render the provision nugatory in many instances where the reason for its enactment exists as clearly as it does in the case of final judgments. Nor does the fact that the order was based upon the stipulation and was granted without hearing argument, render the statute inapplicable. The making of the order necessarily involved a ruling by the judge to the effect that he had jurisdiction to make it, otherwise it would have been denied in spite of the agreement of the parties." By analogy, in the case at bar, the above quoted orders of the trial judge are judgments or decisions within the purview of the act and necessarily involve a ruling that he had jurisdiction to make them. This being so, under the opinion in *Bruner* v. *Brewer, supra,* he would have been disqualified to sit in review of the same if the case had come up on writ of error containing assignments directly attacking his jurisdiction to make such orders. The same reasoning would be applicable to actions at law coming up upon exceptions to rulings of the trial judge. The present case is before us upon reserved questions of law, to hear and determine which this court has "appellate jurisdiction" as hereinabove set forth. How, is a judgment or decision of a trial judge presented to an appellate court for review by reserved questions? Not by an "appeal" therefrom within the technical definition of that term. Not necessarily, even incidentally, by exceptions thereto or assignments of error thereon. Ordinarily it is presented by a question as yet unanswered in the trial court which, as in the case at bar, places in issue the legality or illegality of such a ruling. Formerly a question already ruled upon by the trial court could not be reserved. *McCandless* v. *Lansing,* 19 Haw. 467. Since

the amendment of 1919, however, it has been held that a ruling by the trial court is no bar to reservation. *Honolulu Plantation* v. *Tsunoda*, 27 Haw. 835. It would be a strained construction of section 84 of the Organic Act to hold that upon reserved question the trial judge would be disqualified to sit upon review of his judgment and decision only when the question certified by himself or his successor was directly whether said ruling was legal or illegal, and that he would not be disqualified even though the legality of said ruling should be a necessary issue to be determined by the appellate court, if the question presented were so framed that it would ask the appellate court to determine the jurisdiction of the trial judge to make a subsequent order which depended for its validity in this respect upon the judge's jurisdiction to make the judgment or decision first above referred to.

The views hereinabove expressed are not necessarily in conflict with the decisions of this court in *Ex Parte Mankichi*, 13 Haw. 570, and in *Ex Parte Ah Oi*, 13 Haw. 534. In *Ex Parte Mankichi, supra,* this court held, as set forth in the syllabus of said case, that "a justice of the supreme court is not disqualified from sitting on an appeal in a habeas corpus case brought to obtain the release of a prisoner under a sentence of imprisonment previously pronounced by such justice when a circuit judge in a criminal case. The provision in section 84 of the Organic Act that 'no judge shall sit on an appeal or new trial in any case in which he may have given a previous judgment' does not apply to such a case." It will be noted that section 84 of the Organic Act has been amended since the case last above cited was decided. The judge then was prohibited from sitting on appeal or new trial in the *same case* in which he may have given previous judgment, and the *Mankichi* case, *supra,* held that the criminal and

habeas corpus cases therein referred to were not the *same case.*

. In the *Ah Oi* case, *supra,* it does not even appear that the judge sought to be disqualified sat in the criminal case upon the verdict in which the habeas corpus case was predicated. The case decided, as set forth in the syllabus, that "a justice of the supreme court is not disqualified from sitting in a case with which he has had no previous connection merely because a question of law is involved which was involved also in certain other and distinct cases at the trial of which he had presided when a circuit judge. The provision in section 84 of the Organic Act * * * does not apply to such a case."

For reasons hereinabove set forth we are of the opinion that Mr. Justice Banks is disqualified to sit in review upon the reserved questions of law described in the second paragraph of this opinion.

*C. A. Gregory* for the firm of *Smith, Wild & Hoppe,* for the disqualification.

*F. Schnack* contra.

### DISSENTING OPINION OF PERRY, C. J.

I respectfully dissent. Prior to 1910 one of the provisions of section 84 of the Organic Act was that "no judge shall sit on an appeal or new trial in any case in which he may have given a previous judgment." This inhibition was wide enough to disqualify a judge from sitting in this court in any case in which, as circuit judge, he may have given any judgment, irrespective of whether the appeal to this court was from the judgment which he had rendered or from a judgment which some other judge had rendered. In 1910 the provision was amended so as to read "nor shall any person sit as a judge * * * on an appeal from any decision or judgment rendered by him." This is a very different provision. It is merely

that a member of this court shall not sit on the hearing of an appeal from any judgment or decision rendered by himself in a lower court. It does not disqualify him from sitting in the same case in this court when the appeal is from a decision or judgment rendered by another judge, even though the appeal in effect questions the correctness of one or more of the principles of law upon which that judgment was based which the member of this court rendered. The modification of the terms of the Organic Act in this respect was, it cannot be doubted, intentional. It was within the province of Congress to add causes of disqualification and it was likewise in the province of Congress to diminish those causes or to limit them within narrower bounds.

It is well settled that a justice of this court "is not disqualified from sitting in a case with which he has had no previous connection merely because a question of law is involved which was involved also in certain other and distinct cases at the trial of which he had presided when a circuit judge." *In re Ah Oi,* 13 Haw. 534. It seems to me to be clear that if the questions sought to be presented to this court in the case at bar had arisen, as well they might have, in an equity suit from a decree in which the appeal had been taken to this court, no disqualification would exist simply because, by means of the equity suit or of the appeal from its decree, it was sought to render nugatory the order or orders made in the probate proceeding. In the hypothetical case just stated there would not be an appeal from any decision or judgment rendered by the judge. In the case at bar the order of Mr. Justice Banks appointing Mr. Hoopai as master was made and dated October 7, 1921, and the order appointing Mr. Schnack as successor of Mr. Hoopai was made and dated February 3, 1922. No appeal of any sort was taken or attempted to be taken from either or both of

those orders. Mr. Schnack, in consequence, proceeded with the performance of his duties of investigation imposed upon him by the orders of appointment and filed two reports, one in January and one in March, 1923. In June, 1924, another judge, Circuit Judge Andrade, made and entered an order awarding Mr. Schnack a fee of $1500 for his services as master and making that fee a charge against the property of the estate of F. W. K. Beckley. Thereafter, in April, 1924, an order was made in the probate case terminating Mrs. Nakuina's incumbency of the offices of executrix and trustee and appointing the Bishop Trust Company, Limited, as administrator and trustee. In 1924 an equity suit was filed by Mrs. Nakuina, asking leave to withdraw as executrix and trustee, and in December of that year an order was entered in the equity suit permitting her to withdraw and appointing her successor and vesting title to the property of the estate in the Bishop Trust Company. In 1925 that corporation filed its petition for discharge as administrator, alleging *inter alia* that there were no assets of the estate. It was then, and not until then, that the present controversy arose as to whether Mr. Schnack's fee was a proper charge against the property of the estate and, if it was, as to how provision should be made for its payment. In other words, for three years or more the two orders which Mr. Justice Banks made in the probate case remained wholly unappealed from before the questions arose with respect to the master's fee. Those two orders remain unappealed from to this day. Mr. Justice Banks did not decide that the master should be paid a fee or how it should be paid. The question was not involved or considered in 1921 or 1922. In my opinion the provision of the Organic Act does not apply to the facts of this case. If Mr. Justice Banks were to sit with us he would not be sitting on any appeal from any decision or judgment rendered by him,

even though collaterally it is now sought to question the effect or the validity of his appointment of Mr. Schnack.

*Bruner* v. *Brewer,* 20 Haw. 617, is not, as it seems to me, a precedent to the contrary. That case came to this court by writ of error. It is true that the writ was directed, technically speaking, to the final judgment entered by another judge and not to the earlier order, made by the judge who later became a member of this court, referring the issues to arbitrators; but it is also a fact that under the express provisions of the statute then in force, as under the provisions of the statutes now in force, a writ of error, although directed technically to the judgment, nevertheless brings up to this court for review "any error appearing on the record, either of law or fact, or for any cause which might be assigned as error at common law." R. L. 1905, Sec. 1871; R. L. 1925, Sec. 2524. In other words, a writ of error was then, as now, a method authorized by law for reviewing any ruling or order made in the cause, even though it preceded the final judgment. It constituted in the *Bruner* case a direct attack upon the order of reference to arbitrators just as clearly as it did upon the judgment itself. In the case at bar there is no direct attack, by appeal in any method known to our statutes, upon either of the two orders of 1921 and 1922. The attack is purely collateral. The question of jurisdiction can be considered by us in the present proceedings, not because the attack is direct, but because it is of such a nature that it is open for review in a collateral attack. The provision under consideration from the Organic Act does not, as it seems to me, have reference to collateral attacks.

Reservation of questions, under R. L. 1925, sections 2513 and 2514, is not provided by the statute as a method for reviewing decisions already rendered and acted upon but as a method of aiding the trial judge in determining

questions concerning which he is in doubt and upon which he has not yet ruled. This was, in effect, the view expressed by this court in *McCandless* v. *Lansing*, 19 Haw. 467. In that case the judge presiding at the trial, after directing a verdict which the defendants claimed to be contrary to law, reserved for the consideration of this court the question whether the verdict was contrary to law upon a statement of facts submitted. This court advised the circuit judge "that no question is presented which this court can consider" and gave as its reason that "no question is presented which the judge had not ruled upon." Nor was that decision rendered with reference to any peculiar state of the statute. In essential particulars the statute on reserved questions was in precisely the same language at that date as it is today. The only amendments provided by Act 47, L. 1919, were that the land court was added as a tribunal which could reserve questions and that the element was included, in one section instead of in two sections, that the reservations might be made either on the motion of the trial judge or upon motion of either party. As to what questions could be reserved or under what circumstances, there was no amendment. *Honolulu Plantation Co.* v. *Tsunoda,* 27 Haw. 835, was decided, therefore, upon substantially the same statute as was *McCandless* v. *Lansing.* In the *Honolulu Plantation* case it is true that the reserved question was entertained in this court in spite of the fact that the trial judge had already expressed an opinion upon the subject involved but that, as appears from the decision of this court, was because reservation of the questions was "practically as a part of the same transaction" in which the opinion had been expressed by the trial judge. In other words, if a trial judge makes a ruling and very soon afterwards, and practically as a part of the same transaction, concludes, because of doubts as to the correctness of

his ruling, to reserve the question to the supreme court before his ruling becomes final and is acted upon, he may within the terms of the statute do so; but the proceeding in the supreme court is not a review of an order or decision of the trial judge, for there has been no such order or decision. So, also, when a ruling has been made years before and a formal order has been entered upon it and the order has been acted upon by all parties concerned and new rights appear to grow out of the order and out of its performance and observance and another trial judge, years later, is requested to determine what the rights of the parties are under the old order, the reservation of the question is not an appeal from the earlier order within the meaning of section 84 of the Organic Act providing for disqualification of judges. It involves a collateral attack, it is true, upon the prior order; but it is not an attack by an appeal any more than an attack by a separate action or suit would be.